## Richmond

HELEN R. DRESSLER, ADMINISTRATRIX, ETC. v. RESERVE LIFE INSURANCE COMPANY.

March 16, 1959.

Record No. 4897.

Present, All the Justices.

The opinion states the case.

*William J. McGhee* (*William R. L. Craft, Jr.,* on brief), for the plaintiff in error.

*John H. Locke* (*Gentry & Locke,* on brief), for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

█ Mrs. Dressler, as administratrix of the estate of her husband, W. H. Dressler, deceased, filed a motion for judgment against Reserve Life Insurance Company for money allegedly due under the terms of a hospitalization policy issued by the company.

The company filed responsive pleadings and grounds of defense wherein the claim was generally denied. Specific defenses were asserted to the effect that the policy had been assigned by the Dresslers to the University of Virginia hospital; that the illness upon which the claim was based did not originate while the policy was in force; and that the sickness for which the expenses were incurred was a mental or nervous disorder and excluded under the terms of the policy.

The case was tried before a jury and at the conclusion of plaintiff's evidence the insurance company moved to strike, which motion was sustained on the ground that plaintiff had not shown what illness the insured was suffering from or that said illness had originated after the policy was in effect. Thereupon, a verdict was rendered for the company, on which, over Mrs. Dressler's objection, judgment was entered. We granted plaintiff a writ of error.

Mrs. Dressler assigns errors as follows:

"(1) That the court erred in sustaining the motion of the defendant to strike the evidence of the plaintiff.

"(2) That the court erred in refusing to set aside the verdict of the jury on the grounds that it was contrary to the law and the evidence, and without evidence to support it, and for the errors assigned and exceptions taken thereto.

"(3) That the court erred in refusing to admit in evidence a copy of the responsive pleadings of the defendant filed on March 17, 1956, in the Circuit Court of Montgomery County, Virginia, in the suit styled *The Rector and Visitors of the University of Virginia* v. *Helen Dressler and the Reserve Life Insurance Company;* and erred in refusing to admit the order entered in the same case on June 1, 1956."

Where plaintiff's evidence is stricken by the court, as was done here, we must, in accordance with the established canon, view the evidence and all reasonable inferences deducible therefrom in the

light most favorable to the plaintiff. *Mann, Adm'x* v. *Railway Company*, 199 Va. 604, 605, 101 S. E. 2d 535, 536.

So far as is pertinent to the issues raised by the first two assignments of error, the record discloses that the "family group" policy in question was issued by the company on May 26, 1953; that the insured, W. H. Dressler, was in good health at the time the policy was issued; that premiums on said policy had been paid; that the policy provided that the company would indemnify and pay any member of the family group for certain specified hospital, surgical and medical expenses incurred while the policy remained in force; that the policy contained certain provisions for limitations and exclusions; that the policy insured W. H. Dressler and was continued in effect at all times from May 26, 1953, until February of 1955, and particularly during the period W. H. Dressler was hospitalized; that on February 3, 1954, after the policy had been continuously in effect for a period of more than eight months, W. H. Dressler suffered a heart attack; that as a result thereof he was confined in the hospital at Radford; that some time thereafter he was taken by ambulance to the University of Virginia hospital at Charlottesville where he was confined and given medical care and treatment for 147 consecutive days; that in addition to charges for room and board the exhibited bills from the hospital revealed expenditures for oxygen, drugs, x-rays, laboratory, and electrocardiograms, etc.; and that the total bill at the University of Virginia hospital was $2,203.65.

The insurance company admitted receipt of proper notice of the claim but refused to pay any part thereof for the reason stated in a letter dated March 8, 1955:

"(T)he claim is not covered under the provisions of your policy. Your policy provides that hospitalization for nervous disorders is not covered."

W. H. Dressler died in August, 1955, and Mrs. Dressler was sued by the University of Virginia hospital for bills incurred. This litigation resulted in Mrs. Dressler paying the claim, whereupon she, as administratrix of the estate of her husband, sued the insurance company for the sums allegedly due under the terms of the policy.

Mrs. Dressler testified that at the time her husband was taken to the Radford hospital he had suffered a heart attack and was treated therefor. The court excluded Mrs. Dressler's testimony to the effect that a heart attack was the cause of her husband being sent to the University of Virginia hospital. However, admitted in evidence by

stipulation of the parties, were the bills from the hospital which showed the course of treatment as outlined above, which was clearly indicative of treatment for sickness.

The trial court's ruling to the effect that "the evidence does not disclose what sickness he [Dressler] was suffering from, or that it originated after this policy was in effect", was erroneous. We have repeatedly held that the law makes every rational intendment to the end that the purpose of insurance, which is that of indemnity, should be effectuated, and for this reason policies of insurance are construed against the insurer. *Ayres* v. *Harleysville Mutual Casualty Co.*, 172 Va. 383, 391, 2 S. E. 2d 303, 306.

The record clearly shows that the policy was in full force and effect when Dressler was taken to the Radford hospital suffering from "a heart attack," and the bills introduced in evidence from the University of Virginia hospital show that he was subsequently confined there for months because of illness. Thus a *prima facie* case was made out against the company, and it is elementary that the burden was on the company to show that such illness was excluded under the provisions of the policy, not on the administratrix to show it was not. 10 Mich. Jur., Insurance, § 128, pp. 447, 448.

This conclusion makes it unnecessary for us to consider the third assignment of error.

The company asserts in its brief that "the plaintiff actually had no cause of action in this case since she had previously voluntarily settled with the hospital and had also assigned away [to the hospital] all benefits under the policy in question." There is no merit in this contention. The record discloses that Mrs. Dressler, as administratrix of her husband's estate, only settled the hospital bills after she had been sued. The alleged assignment of the policy to the hospital was for the purpose of having the hospital collect the insurance money, if any was payable, and was not for the purpose of relinquishing any rights which the administratrix might have under the policy in the event the company refused to pay the hospital bills in accordance with its terms.

For the reasons stated the judgment is reversed and the case remanded for a new trial consistent with the views here expressed.

*Reversed and remanded.*