# Richmond

## Mary L. White v. State Farm Mutual Insurance Company.

December 4, 1967.

Record No. 6490.

Present, Eggleston, C.J., and Buchanan, Snead, l'Anson and Gordon, JJ.

*Max Jenkins*; *C. Taylor Cronk* (*Goldsmith and Jenkins*, on brief), for plaintiff in error.

*James C. Turk*; *Edwin C. Stone* (*Dalton, Poff, Turk & Stone*, on brief), for defendant in error.

SNEAD, J., delivered the opinion of the court.

Mary L. White, plaintiff, instituted this action against State Farm

Mutual Automobile Insurance Company, defendant, to recover for the accidental death of her husband, Ben F. White, under a standard family automobile policy containing an automobile death indemnity rider or endorsement issued by defendant to him. The amount payable for accidental death was $10,000. Defendant, in its answer and grounds of defense, admitted that the premium had been paid, and that the policy was in effect at the time of White's death, but denied liability on the ground that a recovery for the insured's death was· precluded under the exclusions clause of the policy.

By agreement, the case was tried without the intervention of a jury. At the conclusion of plaintiff's evidence, defendant moved to strike and to enter summary judgment in its behalf. The court deferred its ruling on the motion. Whereupon, defendant introduced its evidence and thereafter renewed its motion to strike. Plaintiff likewise moved to strike defendant's evidence and for summary judgment. After overruling her motion, the court proceeded to enter judgment for defendant. As a consequence, we granted plaintiff a writ of error.

On May 13, 1965, White, the insured, was accidentally killed when run over by a dump truck owned by Walker Construction Company and operated by its employee, Emmett Meredith. The insured was an employee of Unaka Paving Company, which had a contract with the Virginia Department of Highways for the construction of a portion of Interstate Route 81 in Montgomery county. Walker had a contract with Unaka to haul stone used in the construction of the highway. The two companies were completely independent. The employees of Unaka had no control over the employees of Walker.

The contract provided that the stone was to be spread at a specified depth on the roadbed. The insured was a member of the construction crew whose responsibility was to check the depth of the stone. This was accomplished by means of string tied to stakes set at intervals of fifty feet on the road. At points where the required depth was lacking, Walker's dump trucks would spread additional stone. White determined that more stone was needed at the scene of the mishap. Meredith was there to supply the deficiency. The tail gate on the truck he was operating was equipped with chains which restricted the distance it could open. On this particular occasion it was set to open several inches. On the driver's side of the truck behind the cab there was a lever. When this lever was tripped, the tail gate would open to a distance predetermined by the use of the chains. As the truck moved forward, the stone would be spread.

When Meredith's truck was in position to spread the stone, the insured stepped up on its running board and pulled the lever releasing the tail gate. As he stepped down his foot hit a stake causing him to fall underneath the truck. The dual wheels of the heavy vehicle ran over insured's body, and the stone being released covered him. Death was instantaneous.

The rider attached to the policy provided that defendant agreed to pay $10,000 to plaintiff "in event of the death of the insured which shall result directly and independently of all other causes from bodily injury caused by accident and sustained by the insured while in or upon or while entering into or alighting from, or through being struck by, an automobile * * *."

The "exclusions" clause, relied upon by defendant, stated in part: "This insurance does not apply: (a) to bodily injury or death sustained in the course of his occupation by any person while engaged (1) in duties incident to the operation, loading or unloading of, or as an assistant on, a public or livery conveyance or commercial automobiles * * *."

The evidence shows that the act of tripping the lever on the truck was performed sometimes by the driver and at other times by members of Unaka's grading crew; and that there was no duty on any of Unaka's employees, including the insured, to pull the lever. The tripping of the lever by the insured was described as an act of "brotherly love" or as a favor. The truck driven by Meredith bore no license plates and was used for the purpose of hauling and spreading stone at the construction site.

The plaintiff contends that the trial court erroneously "assumed that the burden of proving the exclusionary provisions was on the plaintiff", and that the judgment was contrary to the law and the evidence. However, the critical question to be decided is whether plaintiff is barred from a recovery because of the exclusionary provisions contained in the policy.

The general rule is that the burden is upon the insurer to prove that the loss is excluded by the terms of the policy. 29A Am. Jur., Insurance, § 1854, p. 918. This court has adhered to that rule. *Dressler, Adm'x* v. *Insurance Co.*, 200 Va. 689, 692, 107 S.E.2d 406, 408. We find nothing in the record to substantiate plaintiff's contention that the trial court assumed that such burden rested upon plaintiff.

[1] The plaintiff argues that the provisions in the exclusions clause of the policy are not applicable to her claim, because the vehicle in-

volved was not a "commercial automobile"; it was not "unloading" at the time of the accident; and the insured had no duty to trip the lever. On the other hand, defendant contends that there was credible evidence to support the finding of the trial court that the exclusions clause was applicable.

The policy does not define the terms used in the exclusions clause. However, we have no difficulty in finding that the dump truck here involved was a "commercial automobile" within the meaning of the policy, and that it was "unloading" at the time of the accident. The only remaining point to be decided is whether the act of pulling the lever which opened the tail gate was a duty of the insured.

[2] The word "duty" has a varied meaning. It has been defined as "an obligation to do a thing." Black's Law Dictionary, 4th ed. p. 595. The exclusions clause provides that the insurance does not apply if the insured is killed in the course of his occupation while engaged in "duties incident to the operation, loading or unloading of, * * * commercial automobiles".

There was no evidence that the insured had the duty or obligation to pull the lever on Walker's dump truck. All the evidence was that he had no such duty. It was an act of "brotherly love" or a favor. That being the case, we find, as a matter of law, that the insured was not killed in the course of his occupation while engaged in "duties incident to the operation, loading or unloading of, * * * commercial automobiles." Thus, we hold that the exclusions clause contained in the policy does not bar plaintiff from a recovery.

[3] The judgment appealed from is reversed and final judgment for $10,000 is here entered for plaintiff with interest to run from April 25, 1966, the date judgment was rendered by the lower court. Code, § 8-223.

*Reversed and final judgment.*