## Richmond

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. RALPH E. LONG.

September 1, 1971.

Record No. 7558.

Present, All the Justices.

*Daniel Hartnett* (*Ayres and Hartnett*, on brief), for plaintiff in error.

*Baxley T. Tankard* (*W. A. Dickinson*, on brief), for defendant in error.

HARMAN, J., delivered the opinion of the court.

Ralph E. Long (plaintiff or Ralph) was awarded a jury verdict and recovered a judgment for $25,401.34, with interest and costs, in the trial court against the State Farm Mutual Automobile Insurance Company (State Farm) in an action for indemnification on an automobile liability insurance policy issued to him by State Farm. We granted a writ of error and *supersedeas.*

State Farm appeals on the grounds that it is relieved of liability under the contract because of the failure of Ralph to notify it of a transfer of use and possession, but not title, of some of the vehicles covered by the policy.

Since the plaintiff received a jury verdict in his favor which was approved by the trial court, we must, under well established principles, view the evidence in the light most favorable to him. *Riley v. Harris*, 211 Va. 359, 177 S.E.2d 630 (1970).

Plaintiff, whose business was a large truck farming operation, insured his fleet of licensed motor vehicles under a "national standard automobile policy" issued by State Farm through one of its Virginia agents. This policy, which was in full force and effect on October 25, 1967, extended coverage to 12 cars and trucks owned by plaintiff and registered in his name.

Ralph retired on September 30, 1967. On October 1 he "turned over" his business to his son, Edward Long (Edward), pursuant to an oral agreement under which Edward assumed operation of the business and was entitled to all profits and was responsible for all losses. Edward was entitled to the use of some land owned by Ralph, other land leased by Ralph, Ralph's farm machinery, buildings and equipment and 8 of the 12 vehicles listed in the insurance policy. Ralph transferred the growing crops and the bank balance in his business account to Edward. Until January 1, 1968, Edward was not required to make any payment to Ralph, thereafter Edward agreed to pay rent to Ralph if he continued to use Ralph's land, buildings, farm equipment and the 8 trucks.

Under the agreement Ralph retained legal title to his real estate, farm equipment and the 8 trucks. He also retained title to and possession of the other 4 vehicles insured by State Farm. One of these vehicles, Ralph's "personal" pickup truck, was later involved in the accident giving rise to this litigation.

Both Ralph and Edward testified that this truck was used exclusively by Ralph. Both testified that Edward would have been permitted to use this truck if permission had been requested by Edward.

On October 25, 1967, Ralph, while driving his "personal" pickup truck, struck and injured James Bernard Murdock (Murdock). Murdock was employed by Edward as a foreman and was so engaged at the time he was injured. Prior to October 1, Murdock had been employed in the same capacity by Ralph.

State Farm, notified of the accident, made an investigation and refused to extend coverage to Ralph for Murdock's injury on the

ground that the employee exclusionary clause of the policy was effective and coverage did not extend to the occurrence.

Murdock filed a personal injury action against Ralph. State Farm, after notice, declined to defend this suit. Ralph employed counsel and defended the action which resulted in a jury verdict and judgment against Ralph in favor of Murdock for $23,000. Ralph paid and discharged this judgment. In addition to the judgment, Ralph expended the sum of $2,401.34 in counsel fees, expenses and costs in connection with his defense of Murdock's claim.

Ralph brought this action on the policy which resulted in the verdict and judgment against State Farm from which this appeal was taken.

State Farm argues that Ralph is not entitled to coverage because it was not notified of the transfer of use of the 8 vehicles by Ralph to Edward. While conceding there is no policy provision requiring such notice, it says that the requirement for notice is implicit because the transfer of use from Ralph to Edward materially changed and increased the risk which State Farm assumed when the policy was issued. Had such notice been given, State Farm says it "would have had the opportunity to assess the risk and to decide whether or not to maintain the issuance of the policy."

It is conceded by State Farm that no provision of the policy at issue required Ralph to give the notice which State Farm now claims should have been given. State Farm has cited no authorities, and we have found none, for its proposition that the requirement of notice, under the circumstances, was implicit.

The general rule is that the burden is upon the insurer to prove that the loss is excluded by the terms of the policy. *White* v. *State Farm Mut. Ins. Co.*, 208 Va. 394, 396, 157 S.E.2d 925, 927 (1967); *Dressler, Admx.* v. *Reserve Life Ins. Co.*, 200 Va. 689, 692, 107 S.E.2d 406, 408 (1959). Since State Farm has failed to carry this burden we affirm the judgment of the trial court.

*Affirmed.*