# Richmond

UNITED STATES LIFE INSURANCE COMPANY V. STARR S. MASON

November 26, 1973.

Record No. 8260.

Present, All the Justices.

*Daniel Hartnett* (*Ayres & Hartnett*, on brief), for plaintiff in error.

*Edward A. Ames, III* (*E. Almer Ames, Jr.; Ames & Ames*, on brief), for defendant in error.

Per Curiam.

The question for determination on this appeal is whether evidence concerning a postmortem blood test is admissible in a civil action for accidental death benefits under a life insurance policy.

Vernon H. Mason, insured under a group life insurance policy issued by United States Life Insurance Company, was killed in an automobile accident on June 25, 1970. The Company paid his widow and beneficiary, Starr S. Mason, the face amount of the policy in the sum of $5,000 but denied coverage for the accidental death benefits of an

additional $5,000. The beneficiary thereupon instituted this action against the Company.

Following a pre-trial conference the trial court entered an order reciting its finding that the Company denied liability solely in reliance on a policy exclusion for loss "resulting from or caused directly or indirectly, wholly or partially, by . . . [t]he employees being intoxicated . . . ." The order also stated that the Company would undertake to prove, through the testimony of Dr. Ramon A. Morano, State Toxicologist, that Mason violated this exclusionary provision of the policy. After ruling that Code § 19.1-42[1], *as amended,* (Cum. Supp. 1972), precluded admission of this evidence, the court entered summary judgment for the beneficiary.

Dr. Morano would have testified that a postmortem blood test, reported to the Chief Medical Examiner, showed that Mason's body contained 0.23% alcohol. Dr. Morano would also have testified as to the effect of alcohol on the body.

Certificates of blood alcohol tests provided for by Code § 18.1-55.1 (the "implied consent" statute) are inadmissible in civil proceedings. *Russell, Adm'x* v. *Hammond,* 200 Va. 600, 604, 106 S.E.2d 626, 629 (1959). But the Company relies on *Neblett, Adm'r* v. *Hunter,* 207 Va. 335, 150 S.E.2d 115 (1966), where we held that evidence of the results of a postmortem blood test, introduced by direct testimony, was admissible in a civil action. In 1968, however, the General Assembly amended Code § 19.1-42 by adding the three sentences italicized in footnote 1.

---

[1] Code § 19.1-42, as amended in 1968, provides in pertinent part as follows:

"Upon receipt of such notice the medical examiner shall take charge of the dead body, make inquiries regarding the cause and manner of death, reduce his findings to writing, and promptly make a full report thereof to the Chief Medical Examiner on forms prescribed for such purpose, retaining one copy of such report for his own and delivering another copy to the attorney for the Commonwealth of his county or city. Full directions as to the nature, character and extent of the investigation to be made in such cases shall be furnished the medical examiner by the Chief Medical Examiner, together with appropriate forms for the required reports and instructions for their use. *The Chief Medical Examiner shall furnish to all medical examiners an additional special form to be used for reporting any discernible physical or mental conditions which may have contributed to the death of victims of traffic accidents. Such special form shall be drawn up by and returnable only to the Chief Medical Examiner for use solely in research on the causes of traffic accidents and shall not be subject to the provisions of § 19.1-45. The Chief Medical Examiner shall make such forms or the information contained therein available for research purposes to any educational or governmental agency conducting research in traffic accident prevention, but shall not disclose the identity of the dead. . . .*" (Emphasis added.)

As amended the statute provides that information as to postmortem examinations of automobile accident victims is reportable to the Chief Medical Examiner for research purposes only. The report is excepted from the provisions of Code § 19.1-45 that make reports of the Chief Medical Examiner admissible as evidence "in any court or other proceeding." *See Robertson* v. *Commonwealth*, 211 Va. 62, 175 S.E.2d 260 (1970). Moreover, the identity of the decedent shall not be disclosed, a provision which makes untenable the Company's argument that the "research" contemplated in the statute includes civil litigation. Hence there can be no doubt of the legislative intent that direct testimony as to the results of postmortem blood alcohol tests shall no longer be admissible in civil litigation.

The Company further argues that the beneficiary, by maintaining her action for accidental death benefits, put the decedent's physical condition in issue and thereby waived any right to object to the introduction of evidence bearing on his condition. Assuming, without deciding, that a civil litigant has the power to waive the provisions of Code § 19.1-42, we hold that there was no waiver by the beneficiary.

As it was conceded that Mason died as a result of an automobile accident, his beneficiary was prima facie entitled to recover for accidental death benefits. The Company had the burden of overcoming this prima facie case by proving that the decedent had violated a policy exclusion provision. *White* v. *State Farm*, 208 Va. 394, 396, 157 S.E.2d 925, 927 (1967); *Dressler, Adm'x* v. *Insurance Co.*, 200 Va. 689, 692, 107 S.E.2d 406, 408 (1959). So it was the Company, not the beneficiary, that put the decedent's condition in issue.

The trial court properly held that the proffered evidence was inadmissible and the judgment order will be

*Affirmed.*