**COMMERCIAL UNION INSURANCE COMPANY, Plaintiff,**

v.

**Norman E. BALLOWE and Sharon A. Tinnell, Defendants.**

Civ. A. No. 86–0049–L.

United States District Court, W.D. Virginia, Lynchburg Division.

Jan. 7, 1987.

Joel A. Kolodny, Seawell, Dalton, Hughes & Timms, Norfolk, Va., for Commercial Union Ins. Co.

Robert E. Evans, Thomas L. Phillips, Jr., Lynchburg, Va., for Tinnell.

James J. Angel, Smith, Angel & Falcone, Lynchburg, Va., for Ballowe.

## MEMORANDUM OPINION

TURK, Chief Judge.

This is a declaratory judgment action brought by Commercial Union Insurance Company to determine whether an insurance policy issued by it to defendants Norman Ballowe and Sharon Tinnell provides coverage for injuries received by Tinnell.

Jurisdiction exists under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy is greater than $10,000.

Both the plaintiff and Tinnell have moved for summary judgment. Plaintiff argues that as a matter of law it must prevail because the insurance policy excludes coverage for injuries that are expected or intended by the insured, and Tinnell's injuries resulted from the intentional conduct of Ballowe. Tinnell, on the other hand, contends that plaintiff cannot establish that Ballowe's conduct brings the injuries within the policy exclusion.

The court has considered the briefs submitted by the parties and determined that it must grant plaintiff's motion and deny defendant's motion.

### I. *Facts*

Defendants Ballowe and Tinnell were married but separated on the night this action arose, February 13, 1985. Tinnell and her boyfriend, Tom Logan, were together in Tinnell's apartment that night. Ballowe, who had been drinking heavily, called there and Logan answered the phone. Angry that Logan and Tinnell were together, Ballowe traveled to the apartment with a ten-guage shot gun and three shotgun shells. When Ballowe arrived, he rang the bell, and when no one answered, he kicked the door open, entered the apartment, and screamed two or three times, "Come out of that god-damned bedroom. It's all over now. You're both dead."

Ballowe then began pushing on the bedroom door in an attempt to enter but he was frustrated by Logan who held the door shut while Tinnell attempted to contact the Campbell County Sheriff's Department.

Logan, realizing that Ballowe was armed, opened a bedroom window and dove out of it. After Logan's exit, Tinnell moved her chest of drawers in front of the door and knelt on the floor. At the same time, she was trying to give her address to the dispatcher at the Sheriff's Department.

Ballowe then fired his shotgun through the door jamb and through the bedroom wall. When Tinnell heard the shot, she threw down the telephone and jumped out the window. Ballowe forced the bedroom door open after firing the gun and finding the room empty, went back outside and shot out the windshield of his wife's car.

Tinnell filed a two-count motion for judgment against Ballowe in the Campbell County Circuit Court seeking damages for personal injuries. The first count alleges negligent, reckless, and wanton conduct by Ballowe and asks for $100,000 compensatory damages. The second count alleges an intentional act and asks for $100,000 in punitive damages.

Plaintiff had issued a liability insurance policy to Tinnell and Ballowe which was in effect at the time of the shooting. It provided that the plaintiff would pay for the damages for which the insured is legally liable and provide a defense at the company's expense, "if a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage to which this coverage applies."

The plaintiff concedes that this provision would apply to cover Tinnell's injuries were it not for an exclusion in the policy which states, "medical payments to others do not apply to bodily injury or property damage which is expected or intended by the insured." Plaintiff argues that the insured, Ballowe, clearly intended or expected the injuries of Tinnell. Tinnell responds that

Ballowe acted with reckless and wanton negligence, but he did not intend or expect Tinnell's injuries. Thus, her case does not fall within the policy exclusion.

II. *Decision*

■ At the outset the court notes that a declaratory judgment will lie in circumstances such as these even though the fact deciding coverage is set for adjudication in a related tort action. *Reisen v. Aetna Life and Casualty Company,* 225 Va. 327, 302 S.E.2d 529, 534 (1983). Consequently, even though the issue of Ballowe's intent and negligence may be decided in Tinnell's state court action, this court can determine whether Ballowe intended or expected to injure Tinnell as a part of its decision as to insurance coverage.

Tinnell's claims in state court have not been reduced to judgment; consequently, this court can render a judgment in favor of the insured only if it clearly appears that Commercial Union would not be liable for any judgment which would be covered by the policy. *Travelers Indemnity Co. v. Obenshain,* 219 Va. 44, 245 S.E.2d 247, 249 (1978). Commercial Union has the burden of proving that there is no coverage. *U.S. Life Insurance Co. v. Mason,* 214 Va. 328, 200 S.E.2d 516 (1973).

■ Having read the evidence before it, the court must rule that there is no question of fact that Ballowe intended or expected to injure Tinnell. On the night of the attack, Ballowe entered Tinnell's apartment screaming, "You're both dead." Then, knowing that the bedroom was occupied, he fired his gun into that bedroom door jamb. After gaining entrance to the room and finding it empty, he went outside and shot out the windshield of Tinnell's car. In addition, Ballowe threatened to kill Tinnell only a few days before this incident. These actions show as a matter of law that Ballowe intended to cause Tinnell's injuries. Thus, the policy exclusion applies and plaintiff's insurance policy does not provide coverage for Tinnell's injuries.

Accordingly, the court must grant summary judgment in favor of plaintiff because there is no genuine issue of fact in dispute and the plaintiff is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56. The defendant's motion will be denied.