## Staunton

BETTY B. BERRYMAN, ADMINISTRATRIX OF THE ESTATE OF RAY ASTON
BERRYMAN v. JAMES MOODY, ET AL.

September 11, 1964.

Record No. 5757.

Present, All the Justices.

*W. W. Whitlock*, for the plaintiff in error.

*A. Christian Compton* (*John G. May, Jr.; Harold H. Purcell; May, Garrett, Miller, Newman & Compton*, on brief), for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

Betty B. Berryman, Administratrix of the Estate of Ray Aston Berryman, instituted this action against James Moody and Louisa County School Board for damages for negligently causing the death of her decedent,

Plaintiff alleged in her motion for judgment that Berryman was driving a tractor-trailer (truck) loaded with lumber westwardly on Route 618, and that Moody, agent of the School Board, driving a school bus loaded with school children eastwardly over the same road, was meeting him; that Moody negligently drove on the left side of the road and forced Berryman, in order to avoid a collision, to run his truck out of the road and into a deep ditch, striking trees and other objects and causing the lumber on the truck to move forward and crush and kill Berryman.

The defendants filed grounds of defense denying negligence on the part of Moody and asserting that the negligence of Berryman was the sole proximate cause of his death.

A jury was impaneled and the plaintiff introduced her evidence in support of her motion for judgment. At the conclusion thereof the defendants moved to strike it out on the grounds that it did not prove that the defendants were negligent, but showed that Berryman's death was caused by his own negligence. The motion to strike was argued before the court extensively by counsel for plaintiff and for defendants, and at the conclusion of this argument the following occurred:

"The Court: I have been thinking a great deal about this case since the evidence was closed yesterday afternoon. I expected the motion to be made this morning, which has been made. I have been thinking a lot about the testimony offered by the plaintiff—the plaintiff's witnesses.

"I find myself in a position of almost needing to be instructed as we instruct a jury on sympathy verdicts. I certainly am in sympathy with this widow, she has four children now, she had three, I believe, and one was on the way when he got killed and if I allowed my sympathies to sway me I certainly would—

"Mr. Whitlock [plaintiff's counsel]: I assume you are thinking now of sustaining the motion. I would suggest that the record be typed up, because it will be typed up, and study that before you rule on it.

"The Court: No, I have a jury here. I have listened to all this evidence as carefully as I can; I have been—

"Mr. Whitlock: If your Honor please—

"The Court: How am I going to ever decide the case. I thought you were through.

"Mr. Whitlock: Before you rule we make a motion to nonsuit."

Defendant's counsel thereupon asserted that the motion for non-

suit came too late. Counsel for both sides argued the point and the court said: "I was in the process of ruling and maybe I shouldn't have been interrupted; it [the motion] came too late. * * The Court proceeds to complete its ruling on the motion to strike." The motion to strike was thereupon sustained on the ground that the evidence failed to establish negligence on the part of the defendants, and judgment was accordingly entered for the defendants. Rules of Court, 1:11, 3:20. We granted plaintiff a writ of error.

Various assignments of error were made by the plaintiff and argued at length in her brief, but the only one now necessary to consider is her first assignment, which asserts that the court erred in refusing to grant her motion for nonsuit.

Prior to 1954 a plaintiff might take a nonsuit in an action at law at any time before the jury retired to consider their verdict, or if the court was sitting without a jury, at any time before the case was submitted to the court hearing it as a common law case. Code 1919, § 6256; *Harrison* v. *Clemens*, 112 Va. 371, 71 S.E. 538; *Norfolk* v. *Norfolk County*, 194 Va. 716, 75 S.E.2d 66.

In 1954 the General Assembly amended § 8-220 of the Code of 1950 to make it read as follows:

"A party shall not be allowed to suffer a nonsuit unless he do so before the jury retire from the bar *or before the suit or action has been submitted to the court for decision or before a motion to strike the evidence has been sustained by the court.* And after a nonsuit no new proceeding on the same cause of action shall be had in any court other than that in which the nonsuit was taken, unless that court is without jurisdiction, or not a proper venue, or other good cause be shown for proceeding in another court."

The italicized words were inserted by Acts 1954, ch. 333, p. 417. The last sentence was added to § 6256 of the 1919 Code by Acts 1932, ch. 30, p. 24.

Section 8-220 governs the disposition of this case, and the question is simply whether defendants' motion to strike had been sustained by the court at the time the plaintiff's motion for nonsuit was made.

Manifestly, the motion to strike had not been sustained by the court at the time plaintiff made her motion for a nonsuit. The motion for nonsuit was made very soon after the court began its discussion of the motion to strike and had stated only that he had been thinking a great deal about the plaintiff's evidence and expressed his sympathy for the widow and her children. His re-

marks prompted plaintiff's counsel to assume that the court was thinking of sustaining the defendants' motion to strike, and to suggest that the court wait until the evidence had been written up and studied. When the court rejected this suggestion, plaintiff's counsel again interrupted, which prompted the court to protest "How am I going to ever decide the case. I thought you were through." Thereupon plaintiff's counsel asked for a nonsuit, as quoted above.

Defendants' motion to strike plaintiff's evidence had not at that time been sustained. Plaintiff's counsel inferred from the court's remarks that the court was preparing to sustain defendants' motion, but such a ruling is not accomplished by words which lend themselves only to an inference. The inference may be warranted but the question remains open and the ruling may eventually be contrary to the inference. "The fact that the court has indicated how he will probably decide a case does not preclude a plaintiff from taking a non-suit." *Texas Van Lines* v. *Templeton*, Tex. Civ. App., 305 S.W.2d 646, 650.

"* * The statutory privilege of taking a nonsuit cannot be denied a plaintiff upon the suspicion or surmise that his counsel has correctly divined the intention of the trial court to give a peremptory instruction against him. Such a construction of the statute would lead to confusion and render uncertain and precarious a right based upon the compliance with terms which are clearly and plainly defined. * *." *Texas Electric Ry.* v. *Cox*, Tex. Com. App., 49 S.W.2d 725, 89 A.L.R. 11, 13. See also *Kosinski* v. *Hines*, 110 Wash. 25, 187 P. 712. Extensive annotations on the subject are to be found in 89 A.L.R. 13, and 126 A.L.R. 284.

We hold that the plaintiff's motion for nonsuit was made in time under the provisions of § 8-220 of the Code. The judgment below is therefore reversed, the motion for nonsuit is granted, and the case is dismissed without prejudice.

*Reversed and final judgment.*