## Richmond

Eva K. Shelley v. Lonnie A. West, Et Al.

David Earl Miller v. Lonnie A. West, Et Al.

March 5, 1973.

Record Nos. 7921 and 7922.

Present, All the Justices.

*H. Bradley Evans, Jr. (J. Edward Flournoy; Evans & Economou; Hersch & Flournoy*, on brief), for plaintiff in error in Record No. 7921.

*John J. Daly; Adelard L. Brault (Siciliano, Daly, Ellis & Sheridan; Brault, Lewis & Geschickter*, on brief), for defendants in error in record No. 7921.

*John J. Daly (Siciliano, Daly, Ellis & Sheridan,* on brief), for plaintiff in error in Record No. 7922.

*Adelard L. Brault; H. Bradley Evans, Jr. (Brault, Lewis & Geschickter; Evans & Economou,* on brief), for defendants in error in Record No. 7922.

SNEAD, C.J., delivered the opinion of the court.

Eva K. Shelley instituted an action against Lonnie A. West and David Earl Miller, jointly and severally, to recover damages for personal injuries she sustained in a collision between an automobile driven by West, in which she was riding as a guest-passenger along with Terry Cooley, and an automobile operated by Miller. The jury returned verdicts in favor of Miller and against West, fixing damages at $30,000, but the trial judge, on post verdict motions, set aside both verdicts and entered final judgments in favor of West and against Miller in the amount of $30,000. We granted writs of error to Mrs. Shelley and Miller.

Mrs. Shelley contends that the jury verdict against West should be reinstated, that the judgment against Miller should be affirmed and that judgment for $30,000 should be entered against both West and Miller. Miller contends that the jury verdict in his favor should be reinstated or, in the alternative, that he should be given a new trial on damages. West contends that the judgments of the trial court should be affirmed.

The accident occurred at approximately 2:00 a.m. on January 1, 1969, on Route 29-211 (Lee Highway) in the City of Fairfax. West was driving eastbound in the outside lane of the four-lane, median-divided blacktop highway. Miller had been traveling westbound and had turned left through a break in the median to enter the Holly Hill Motel on the south side of the highway. His car was struck broadside in the outside lane by West's automobile.

At a point about 421 feet west of the break in the median strip, there is a knoll in the highway which obscures vision in both directions. The weather was clear and dry, and the speed limit in the vicinity of the mishap was 30 miles an hour. During the trial, the jury was permitted to take a view of the scene of the accident.

Mrs. Shelley, the plaintiff, testified that she and West had attended a New Year's Eve party at Hunter's Lodge in Fairfax County (about four miles from the point of impact) where they had some drinks and danced; that the party broke up about 1:00 a.m. and she then

ate some food at the Lodge, but West just "poked" at his food; that in leaving the Lodge, West "spun the wheels" of his car and she warned him "to be careful" or they "would have trouble"; and that they proceeded toward the City of Fairfax on Route 29-211.

She further testified that, to the best of her memory, West stopped his vehicle at the traffic signal light at the intersection of Route 29-211 and Route 123 (Chain Bridge Road), in the City of Fairfax, about one-half mile west of the point of impact. Another car stopped beside them, and when the light turned from red to green, West engaged in a drag race with the operator of the other car (later determined to be Floyd Kinsinger) for "maybe 100 yards," after which Kinsinger's car dropped back. Mrs. Shelley said that in taking off, the rear end of West's car "swerved" and "fishtailed," and that when the Kinsinger car dropped back, West was traveling "over 50 miles" an hour in the 30-mile zone. She also stated that "[t]he way I remember," they went through the green light at University Boulevard (about one-quarter mile west of the impact); that West was traveling "an estimate" of 45 or 50 miles an hour when she observed the Miller car between 75 and 100 yards ahead, turning left through the median strip into the eastbound lanes; that she felt West apply his brakes about 50 yards from the point of impact; and that she did "not remember the impact."

Roland S. Foley, who was driving behind West and Kinsinger, testified that the drag race between West's Camaro automobile and Kinsinger's Oldsmobile started at University Boulevard, where the Camaro "lost traction" and the rear end "swerved" when starting from the green light. He stated that the accident occurred about one-quarter mile away, and that he lost sight of West when West went over the knoll in the highway just before the impact. He estimated West's speed at 60 miles an hour. Mrs. Foley, who was riding with her husband, said she thought the race began at Chain Bridge Road, and that West's speed was between 60 and 65 miles an hour.

Douglas G. Cromarty, a member of the Fairfax City Police Department, who investigated the accident, stated that the combined eastbound lanes in which the accident occurred were 23 feet 10 inches wide, and that a driver situated in the break in the median could see 421 feet to the west before his view would be obstructed by the knoll. He found skid marks from the West vehicle measuring from the left front wheel, 53 feet ½ inch, from the left rear wheel, 109 feet 4½ inches, from the right rear wheel, 98 feet 2 inches, and from the right front wheel, 101 feet 5½ inches. Officer Cromarty

said the speed limit at the point of impact was 30 miles an hour, but that 200 or 300 feet to the east the limit changed to 45 miles an hour.

The plaintiff introduced the deposition of Floyd Kinsinger, which was read to the jury. In it he stated that he engaged in a drag race with West "for a short distance" from University Boulevard when the traffic light turned green; that as West shifted gears West's tires would "squeal"; that his wife "emphatically" told him to slow down because he was speeding; and that at the time he looked at his speedometer and it registered 50 miles an hour, so he did not "accelerate any further," and West pulled ahead of him. Kinsinger further stated that he did not lose sight of West's car and saw Miller's automobile making a very slow left turn in front of West. He said that West did not take any evasive action, and that he did not see West's brake lights until just before the collision.

After the reading of Kinsinger's deposition, the court instructed the jury that "[i]nsofar as the deposition of Mr. Kinsinger differs from that of Mrs. Shelley as to where this race, if that is what it was, began, her testimony is controlling."

Defendant West testified that he did in fact engage in a drag race with Kinsinger for a short distance starting from the signal light at Chain Bridge Road (Route 123). His tires "squealed," and the rear end of his car "fishtailed." He said that he reached a speed of 55 miles an hour before both cars slowed, and that from a point just before the top of the knoll he saw Miller's vehicle giving a left turn signal. He assumed that Miller was going to stop and did not apply his brakes until about 150 feet from the point of impact. He stated that at that time he was traveling between 40 and 45 miles an hour because he knew that a short distance ahead the speed limit increased to 45 miles an hour.

Defendant Miller testified that he and his companion, Loretta Coleman, were going to visit some friends at the Holly Hill Motel. Miller said that he had consumed approximately 25 ounces of champagne between 8:00 p.m. and 1:00 a.m. and that he was "in a good mood," but that it had no effect on his ability to drive. He came close to a stop at the break in the median strip and began to turn left after first looking to the west. He said that he saw the traffic light at University Boulevard over the knoll, but that he could not see anything between the knoll and the light. He stated that the knoll was about 100 yards from the opening in the median strip, and that he did not see any traffic or headlights approaching. Miller admitted that once he started his turn, he never looked to his right again.

The controlling questions presented are (1) whether West was, as a matter of law, free of gross negligence that was a proximate cause of the accident, and (2) whether Miller was, as a matter of law, guilty of negligence that proximately caused the accident.

■ Generally, negligence (ordinary or gross), contributory negligence and proximate cause are questions for the jury to decide.

"A determination, as a matter of law, that a party is guilty of, or is free from, negligence should be made only where the evidence is such that reasonable men could reach but one conclusion thereon; where fair-minded men, weighing the evidence and drawing all just inferences therefrom, would not differ in their views with relation thereto; where the evidence is without conflict and permits of one, and only one, fair result." *Giannone* v. *Johnson, Adm'x*, 204 Va. 493, 496, 132 S.E.2d 445, 448 (1963).

In our view, reasonable persons could differ whether West was guilty of gross negligence that was a proximate cause of the accident. It is clear that West and Kinsinger engaged in a drag race. Mrs. Shelley said, as best she could remember, it started at Chain Bridge Road, about one-half mile from the point of impact. Mrs. Foley also thought the race began there, and West said definitely the race started at Chain Bridge Road. But, according to Kinsinger and Roland Foley, the race began at University Boulevard, approximately 440 yards west of the impact. Although, without objection, the jury had been orally instructed in effect to disregard the testimony of Kinsinger that conflicted with that of Mrs. Shelley as to where the race began, the jury had a right to accept the testimony of Roland Foley, to conclude that the race started at University Boulevard, and to conclude from the evidence as a whole that West was still engaged in the race when he saw the Miller vehicle and crashed into it.

■ West sought and was refused an instruction at the conclusion of all the evidence that would have told the jury to disregard any testimony concerning the location of the race that was in conflict with plaintiff's testimony. He relied upon *Massie* v. *Firmstone*, 134 Va. 450, 462, 114 S.E. 652, 656 (1922). However, a fair reading of plaintiff's testimony does not establish that she was clear and unequivocal in her statements.

But even if the race began where Mrs. Shelley said it began, the evidence was that West's speed was estimated as high as 60 to 65

miles an hour in the 30-mile zone after the race began. After seeing the Miller vehicle starting its left turn, West failed to keep his car under proper control in complete disregard of the safety of his passengers and other persons using the highway. He did not slacken his speed, immediately apply his brakes, or take any other evasive action. The impact was so great that both vehicles were demolished.

We cannot say, as a matter of law, that West was not guilty of gross negligence that was a proximate cause of the accident. It was, therefore, a question for the jury to decide.

As has been noted, the trial court set aside the verdict in favor of defendant Miller and entered judgment for plaintiff against Miller for $30,000, the amount of the verdict the jury had assessed against West. In so doing, the trial court found that Miller was, as a matter of law, guilty of negligence that proximately caused the accident.

■ There is no conflict in the pertinent evidence concerning Miller's negligence. Mrs. Shelley, West and Kinsinger all saw Miller's car before he completed his turn, but Miller did not see either their vehicles or headlights at any time. Miller was under an absolute duty to see oncoming traffic which was in such plain view that looking with reasonable care he was bound to see. *Von Roy* v. *Whitescarver*, 197 Va. 384, 392, 89 S.E.2d 346, 352 (1955). Miller admitted that when he started his left turn, he never looked to his right again. Had he looked again, he was bound to have seen the West vehicle approaching. Under these facts and circumstances, Miller was, as a matter of law, guilty of negligence which concurred with the gross negligence of West to proximately cause the accident.

■ Miller argues that he is at least entitled to a new trial on damages. We do not agree. We must presume that the jury was unmotivated by bias or prejudice in fixing the amount of damages. There has been no showing to the contrary. The injury suffered is indivisible, and the amount of recovery to which Mrs. Shelley is entitled has been established. *Belt Line Railroad* v. *Parker*, 152 Va. 484, 505, 147 S.E. 461, 467 (1929).

We hold that the trial court erred in setting aside the verdict against West, but that it was correct in setting aside the verdict in favor of Miller. The jury verdict against West will be reinstated and final judgment will be here entered against West and Miller, jointly and severally, in the amount of $30,000.

*Affirmed in part, reversed in part and final judgment.*