## Richmond

JENNIE F. NEWTON

v.

ODELL VENEY AND GLORIA H. RAINES

April 18, 1980.

Record No. 780242.

Present: All the Justices.

*John H. Klein (Calvin W. Breit; Breit, Rutter & Montagna,* on brief), for appellant.

*Mary Louise Kramer; James L. Sanderlin (Henry H. McVey, III; McGuire, Woods & Battle; Sands, Anderson, Marks & Miller,* on briefs), for appellees.

HARRISON, J., delivered the opinion of the Court.

Jennie F. Newton alleged that she was injured in an accident between two automobiles, one operated by Odell Veney and the other by Gloria H. Raines. Plaintiff was a passenger in the Raines vehicle and claims that both drivers were negligent. On motion of the defendants, separately made, the court struck the evidence of the plain-

tiff as to each defendant. In this appeal plaintiff questions this action by the court and also its refusal to permit her to take a nonsuit as to Veney.

On September 10, 1976, Mrs. Raines drove her automobile to the Northumberland Junior High School to pick up her daughter. Raines testified that she parked her vehicle on the school grounds and sat there for approximately thirty minutes, talking with plaintiff, and waiting for her daughter to come out of the school. She said that while waiting she observed Veney come down the road. She thought he had seen her and that "he might come to the car and say something to me."* She said that Veney drove into the school grounds and "went on around and come on up behind me, but sort of low speed, I mean, it wasn't high speed." When asked to describe how the accident occurred, she said: "Well, as I said, when he come on the school ground, he circled around the right of my car and came up behind me, and bumped the back of my bumper." When asked if her car was knocked forward any distance, she said, "I didn't realize it being, you know, pushed no distance or nothing like that. It was just bumped." Mrs. Raines was positive that her car was completely stopped and that the engine was off when it was struck.

Veney testified that while driving by the school, he recognized Mrs. Raines and pulled into the school yard. When asked what happened he said: "I made a circle around and drove up behind of her, and oh, no ways from her, we were close together. And, about the time I stopped, then the collision of the two cars, and bam, hit together." Veney testified that when the impact occurred, he was "[j]ust about ready to get out" of his car and that the engine was running. When asked "did you run into her back end, or did she back up into your car?", he said: "[S]he backed up into my car, because I hadn't hit her when my motor had stopped turning. I hadn't hit her then." Veney further stated that "at the time I drove up there, and when the car was hit, I know I was just about ready to get out. If I hadn't hit the ground, I was so close to it when the cars hit."

This defendant also testified that his car was in neutral, sitting on level ground and "[i]t could have been possible of it rolling, but I never seen it roll, but it could have." And finally, when pressed on the fact that either he or Mrs. Raines "drove into the other car," Veney said: "I said that my car was sitting and her car came back into it. Now that is all I know."

* Raines testified that she had known Veney for "quite some time" and had been "going with him" until about a month before the accident when they had an argument.

The plaintiff Newton testified that she did not "know exactly what happened." She said that she and Mrs. Raines were parked at the time and that the car was in a stopped position. She testified, "[a]ll I know is they was jammed together," but she was unable to say who jammed into whom. Newton could not positively state whether Mrs. Raines had started the engine of her automobile just before the accident.

It is obvious that the plaintiff has little knowledge of how the accident occurred. She knows there was an impact between the front of the Veney car and the rear of the Raines vehicle, and she knows the identity of the two drivers. Accordingly, and in an effort to establish that the negligence of one or both of the defendants proximately caused, or contributed to cause, her injuries, she called both defendants as adverse witnesses. It is well settled in Virginia that when a plaintiff chooses to call a defendant as an adverse witness, the plaintiff is bound by so much of that defendant's testimony as is clear, reasonable, and uncontradicted. And in *Massie* v. *Firmstone,* 134 Va. 450, 114 S.E. 652 (1922), we established the principle that a plaintiff's statement of facts within his own knowledge, and the necessary inferences therefrom, are binding upon him. However, we also said: "As a general rule when two or more witnesses introduced by a party litigant vary in their statements of fact, such party has the right to ask the court or jury to accept as true the statements most favorable to him." *Id.* at 462, 114 S.E. at 656.

In the case under review Mrs. Newton made no statement of fact concerning the cause of the accident. We must, therefore, look solely to the testimony of the defendants to determine if a prima facie case of negligence was established as to either or both. While the testimony can be best described as meager or sketchy, it is adequate for us to conclude that we do not have here an unavoidable accident. The trier of the facts in this case may not be able to determine which defendant was "at fault," or the degree of negligence of the one at fault. However, it is apparent that an act of omission or commission by one or both of the defendants precipitated the accident.

If Veney's car was "sitting and [Raines] car came back into it," as he testified it did, then Raines was negligent because she admitted that she knew Veney's car had pulled up behind her. *A fortiori,* if the Raines automobile was parked and in a stopped position, and Veney "came up behind me [Raines], and bumped the back of my bumper," as she testified, then Veney was negligent. A third possibility, recognized by Veney, is that this defendant may not have prop-

erly secured the brakes to his car and that it rolled into the back of the Raines vehicle.

The issues which confront us on this appeal are whether the plaintiff's evidence raised jury questions as to negligence and proximate cause. The general rule is that negligence becomes a question of law only when reasonable men cannot differ. When the sufficiency of a plaintiff's evidence is challenged by a motion to strike, the trial court should resolve any reasonable doubt as to the sufficiency of the evidence in plaintiff's favor and should grant the motion only when it conclusively appears that the plaintiff has proved no cause of action against the defendant, or when it plainly appears that the trial court would be compelled to set aside any verdict found for the plaintiff as being without evidence to support it. *Reagan* v. *Reagan,* 215 Va. 222, 224, 207 S.E.2d 888, 890 (1974), *Shelley and Miller* v. *West,* 213 Va. 611, 615, 194 S.E.2d 899, 902 (1973). While a jury may not find the necessary preponderance of the evidence to support a verdict against either Raines or Veney, we cannot, as a matter of law, say that such negligence is not shown. We conclude that the trial court erred in striking the evidence.

We further find that plaintiff's motion for a nonsuit as to Veney should have been granted. At the conclusion of plaintiff's evidence counsel for Raines made a motion to strike. The motion was argued, and the trial court said, "We grant that motion." Later in the proceedings counsel for Veney made a similar motion which was also argued. Following the argument this exchange occurred between the trial court and counsel:

> THE COURT: I disagree, I'm sorry, but I disagree. I don't believe that the plaintiff has proven a case against either one of these defendants. And, I think that she is bound by any uncontradicted evidence that they have put on as adverse witnesses.
>
> MR. BREIT: If Your Honor please, before the Court would rule on this point, because I think it is serious enough in view of the fact that the plaintiff is free of negligence as a matter of law. I would ask the Court, and I hereby, on behalf of the plaintiff, take a nonsuit in this case.
>
> MS. KRAMER: Your Honor, I would just put on the record that you have ruled and the plaintiff is not permitted to take a nonsuit at this time.
>
> THE COURT: I don't think it is proper to take a nonsuit after the plaintiff is rested and put on its evidence.
>
> MR. BREIT: Before the jury retires, in fact, before the jury

rules, it's a matter of statute, an absolute right of the plaintiff to take a nonsuit. I don't think the Court or any of the parties could prevent the nonsuit for the plaintiff in this stage of the proceeding.

THE COURT: Well, I'm ruling on a motion to strike.

MR. BREIT: Yes, sir, Court has taken—

THE COURT: (interjecting)And, I'm going to grant that motion.

Virginia Code § 8.01-380(A) is dispositive of the issue. It provides, in pertinent part, that: "A party shall not be allowed to suffer a nonsuit as to any cause of action or claim, or any other party to the proceeding, unless he does so before a motion to strike the evidence has been sustained. . . ." A court decides a case by making a ruling. On a motion to strike the court "rules" or "decides" when it sustains or overrules the motion. It is this act that imparts finality to and disposition of the matter, and until it occurs a party is allowed to suffer a nonsuit.

This is not a case of a plaintiff taking advantage of "semantical niceties," as Veney argues, but of a plaintiff availing herself of an option under a clear and unambiguous statute. In the case under review, and in *Berryman* v. *Moody,* 205 Va. 516, 137 S.E.2d 900 (1964), the trial court clearly indicated its intention or inclination to sustain defendant's motion to strike. But in each case it is equally as clear that counsel for the plaintiff realized that his only chance of avoiding an adverse ruling was to take a voluntary nonsuit, and that he do so before the court ruled. The fact that counsel correctly divined the intention of the trial court does not estop him from suffering a nonsuit.

The construction we give the statute is necessary because of the varying practices followed by trial courts, and to avoid confusion and uncertainty. Some judges rule on a motion to strike without explanation or comment. Some rule and then explicate. And some analyze the motion, summarize and discuss the evidence, and then rule. When this last practice is followed a plaintiff is free to suffer a nonsuit at any time prior to a ruling by the court.

We hold that the plaintiff's motion for nonsuit was made in time under the provisions of Code § 8.01-380(A). The judgment below as to Veney is therefore reversed. The plaintiff's motion for a nonsuit as to this defendant is granted, and the case as to him is dismissed without prejudice. The judgment of the court below, striking plaintiff's

evidence as to the defendant Raines, is reversed for the reasons stated, and the case is remanded for a new trial as to her.

*Reversed and final judgment as to defendant Veney. Reversed and remanded for new trial as to defendant Raines.*