## CIRCUIT COURT OF FAIRFAX COUNTY

Haring

v.

Stephenson

March 23, 1987

Case No. Ch. 99961

### By JUDGE F. BRUCE BACH

This matter came before the Court on the March 13, 1987, motions docket to consider the effect of the Complainant's motion for nonsuit.

The material facts are as follows. On January 24, 1986, the Last Will and Testament of William Chester Haring was probated. On December 19, 1986, the Complainant filed the bill of complaint in this case challenging the validity of the will. This suit was filed within the one-year statute of limitations (Sec. 64.1-89) and was the only challenge filed within the one-year period. On or about February 3, 1987, the Complainant gave the Defendants notice that he would move to nonsuit the case on the February 6 motions day. On February 4, the Complainant filed with the court a draft order to nonsuit the case and asked that the matter be removed from the February 6 docket. The agreed order could be entered without argument because it had been endorsed by Mr. Rodriguez, counsel for the only Defendant that had been served with process as of that time. On February 5, even though no process had been served on Defendant Charles E. Williams, he filed an answer and cross-bill. At the same time, a motion for leave to intervene was filed by Thelma Haring Kendall.

The motion for nonsuit was argued before Judge Fitzpatrick on February 6 even though the Complainant had asked that it be removed from the docket. Judge Fitzpatrick

orally ordered the nonsuit. It is not clear whether any decision was made with regard to the viability of the cross-bill. Finally, on February 13, 1987, Judge Stevens entered an order allowing Thelma Haring Kendall to intervene.

The issue before the court is whether the Complainant effectively barred any further action in this case, including the lodging of any cross-bill, by filing his motion for nonsuit on February 4. If this is the effect of the February 4 filing, then the claim represented in the cross-bill would be time barred by Sec. 64.1-89, because more than one year had elapsed since the will was probated. On the other hand, if the motion for nonsuit only became effective on February 6 when it was argued before Judge Fitzpatrick, then the cross-bill was filed in a timely manner and may be allowed under the savings clause of Sec. 8.01-233(B).

There is no case law directly on point. However, the reasoning used in *Berryman v. Moody*, 205 Va. 516 (1964), indicates that once a motion for nonsuit is made, all further activity on the case must cease until a decision on the motion is made. Following this approach, once the Complainant filed his motion with the court on February 4, he precluded the Defendants from taking advantage of Sec. 8.01-233(B) by filing a cross-bill. Defense counsel argues that the nonsuit could only become effective on entry of an order, relying on the principle that the court acts only through its orders. (*Nash v. Jewell*, 227 Va. 230 (1984); *Hill v. Hill*, 227 Va. 569 (1984)). However, to apply this general principle as urged would frustrate the exercise of the right to nonsuit. A defendant could foil a complainant's motion to nonsuit simply by filing a cross-bill during the interlude between the time the Complainant makes his motion and the time an order is entered. Such a result would be inconsistent with *Berryman v. Moody* and with Virginia's general nonsuit policy.

Mr. Murphy will prepare an order of nonsuit vacating Judge Fitzpatrick's February 6, 1987, oral order and Judge Stevens's February 13, 1987, order, and dismissing the cross-bill.