# Elizabeth Anne Payne

## v.

# Robert John Gloeckl, et al.

Record No. 860638

November 18, 1988

Present: Carrico, C.J., Poff, Compton, Stephenson, Russell and Thomas, JJ., and Gordon, Retired Justice

*Charles D. Bennett, Jr. (John P. Harris, III; Harris & Harris,* on briefs), for appellant.

*H. Harrison Braxton, Jr.; Edwin C. Brown, Jr. (Brenda J. Gilliam; Willis, Braxton, Ashby & Bass; Brown, Brown and Watkins,* on briefs), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

The sole issue in this appeal is whether the trial court erred in striking the plaintiff's evidence and in entering judgment in favor of both defendants.

Elizabeth Anne Payne sued Robert John Gloeckl and Harvey Leon Fulgham, Sr., alleging that they were jointly and severally liable to her for injuries she sustained in a motor vehicle accident. The case was tried to a jury, and at the conclusion of Payne's evidence, the trial court struck her evidence as to each defendant. Payne appeals from the judgment entered in favor of Gloeckl and Fulgham.

On May 25, 1984, an automobile operated by Gloeckl collided with an automobile operated by Fulgham in the City of Fredericksburg. Gloeckl was proceeding north on Interstate 95, travelling in the left or passing lane of the highway. Fulgham, also heading north, was entering Interstate 95 from the entry ramp off State Route 3. Payne was a passenger in the Fulgham automobile.

At trial, Payne called Gloeckl and Fulgham as adverse witnesses. Each defendant placed the blame for the collision on the other.

Gloeckl testified that as he approached the intersection at an estimated speed of 57 miles per hour, Fulgham's automobile "came down the entrance ramp, pulled directly across the righthand lane to the lefthand lane," forcing Gloeckl to apply his brakes and swerve to his right in an attempt to avoid a collision. The automobiles collided, and Gloeckl's automobile "ended up in the righthand lane" with the front of his car "against the concrete abutment."

Fulgham testified that before he entered Interstate 95 from the ramp he "looked back" and observed that the right lane "was clear." As he approached the intersection he heard "a screeching noise." Looking into his rear view mirror, he saw "this car out of control." Fulgham related that Gloeckl's automobile "came across . . . and hit the back fender of [Fulgham's] car," causing the car to go out of control and into an embankment on the right side of the highway. Fulgham further stated that he did not cross over into the left lane of Interstate 95.

The investigating police officer found skid marks leading from the left lane into the right lane. The officer testified that these skid marks and "the debris of the vehicles" indicated that the collision occurred in the right northbound lane. The officer reported that the left front fender of Gloeckl's car was damaged and the left rear of Fulgham's vehicle was damaged.

On direct examination, Payne testified only about her injuries. During cross-examination, however, counsel for each defendant questioned Payne concerning the accident. Gloeckl's counsel asked Payne: "Are you able to categorically say that [Fulgham] didn't pull out in front of another car?" Payne responded, "No, I am not able to say that." Thereafter, Fulgham's counsel inquired of Payne: "To the best of your memory, do you remember Mr. Fulgham coming off of the ramp and travelling across two lanes of traffic before you were hit?" Payne answered, "No, we did not."

■ Fulgham, relying upon the doctrine of *Massie* v. *Firmstone*, 134 Va. 450, 114 S.E. 652 (1922), contends that Payne's last quoted answer bars a recovery by her against him. We do not agree.

In *Massie*, we said:

No litigant can successfully ask a court or jury to believe that he has not told the truth. His statements of fact and the necessary inferences therefrom are binding upon him. He cannot be heard to ask that his case be made stronger than he makes it, where, as here, it depends upon facts within his own knowledge and as to which he has testified.

134 Va. at 462, 114 S.E. at 656. Thus, where a party "unequivocally testifies to facts within his knowledge and upon which his case turns, he is bound thereby." *VEPCO* v. *Mabin*, 203 Va. 490, 493, 125 S.E.2d 145, 147 (1962) (citation omitted).

■ The *Massie* doctrine, though subject to numerous exceptions, is established firmly in our law. *See, e.g., Travis & Ludwig* v. *Bulifant*, 226 Va. 1, 4-5, 306 S.E.2d 865, 866-67 (1983).

As defined, refined, and distilled in [subsequent] cases, the rule relevant to actions in tort is that a litigant whose testimony, *considered as a whole, conclusively absolves* an alleged tortfeasor of actionable negligence forfeits the cause of action against him . . . .

*Hogan* v. *Carter & Grinstead*, 226 Va. 361, 370, 310 S.E.2d 666, 671 (1983) (emphasis added).

■ We do not believe that Payne's scant testimony "conclusively absolves" Fulgham of negligence. The most she said in response to the particular question posed was that, to the best of her memory, Fulgham did not travel "across two lanes of traffic" before his car was struck. Moreover, as previously noted, in another portion of her cross-examination, Payne stated that she could not "categorically say that [Fulgham] didn't pull out in front of [Gloeckl]." Thus, Payne's statements, taken together, were equivocal, as well as scant; they do not conclusively absolve Fulgham of negligence.

■ Viewing, as we must, all of Payne's evidence in the light most favorable to her, we believe a fact finder reasonably could conclude that Fulgham failed to keep a proper lookout, failed to keep his vehicle under proper control, and failed to yield the right of way before entering Interstate 95. We conclude, therefore, that Payne's testimony did not bar a recovery against Fulgham.

■ Gloeckl also contends that the trial court correctly struck Payne's evidence as it related to him. Gloeckl asserts that "[w]hen [Payne] rested, there was no evidence from which the jury could

conclude that [he] was negligent." He says that Payne proved "only that there was an accident." We reject this contention.

The physical evidence, as gleaned from the police officer's testimony, shows that the point of impact was in the right lane and that Gloeckl's automobile, for some reason, had swerved from the left to the right lane of the highway. Although Gloeckl testified that he swerved to avoid striking Fulgham's vehicle as it entered the left lane, Fulgham's testimony, and to some extent Payne's, indicates that Fulgham remained in the right lane at all times until the collision occurred. Thus, we conclude that a *prima facie* case of negligence was presented against Gloeckl when Payne rested her case.

In our view, the present case is controlled by our decision in the factually similar case of *Newton* v. *Veney & Raines*, 220 Va. 947, 265 S.E.2d 707 (1980). There, as here, two automobiles collided. One was operated by Veney, the other by Raines. Newton, a passenger in the Raines automobile, sued both drivers. Newton testified that she did not "know exactly" how the accident occurred. Newton, however, called each defendant as an adverse witness, and each blamed the other for the accident. When Newton rested, the trial court struck her evidence. In reversing the judgment of the trial court, we noted that the testimony, though sketchy, was adequate to establish that the accident was not unavoidable. We further said the following:

> The issues which confront us on this appeal are whether the plaintiff's evidence raised jury questions as to negligence and proximate cause. The general rule is that negligence becomes a question of law only when reasonable men cannot differ. When the sufficiency of a plaintiff's evidence is challenged by a motion to strike, the trial court should resolve any reasonable doubt as to the sufficiency of the evidence in plaintiff's favor and should grant the motion only when it *conclusively appears* that the plaintiff has proved no cause of action against the defendant, or when it plainly appears that the trial court would be compelled to set aside any verdict found for the plaintiff as being without evidence to support it. While a jury may not find the necessary preponderance of the evidence to support a verdict against either Raines or Veney, we cannot, as a matter of law, say that such negli-

gence is not shown. We conclude that the trial court erred in striking the evidence.

*Id.* at 951, 265 S.E.2d at 710 (citations omitted) (emphasis added).

■ Similarly, in the present case, the testimony was sufficient to show that the accident was not unavoidable. Here, as in *Newton*, it does not conclusively appear that Payne proved no cause of action against either defendant. Reasonable minds could differ as to whether the defendants, jointly or severally, were guilty of negligence that proximately caused Payne's injuries. Thus, jury issues were presented, and the trial court erred in striking Payne's evidence as to each defendant.

Accordingly, we will reverse the trial court's judgment and remand the case for a new trial.

*Reversed and remanded.*