**CIRCUIT COURT OF FAIRFAX COUNTY**

Alexandria Drafting Co.

v.

William Norwitz Co.

April 28, 1993

Case No. (Law) 121234

BY JUDGE ARTHUR B. VIEREGG, JR.

This case is a breach of contract action brought by plaintiff, Alexandria Drafting Company ("ADC") against the defendant William Norwitz Company ("WNC"). In its motion for judgment, ADC alleged that WNC agreed to bind maps produced by ADC; that WNC breached that contract; and that on account of that breach ADC suffered both general and consequential damages. On April 16, 1993, the case came before the Court upon WNC's motion to dismiss ADC's claim for consequential damages. After considering the pleadings, applicable case law and statutes, and the arguments and legal memoranda of counsel for the respective parties, the Court grants WNC's motion for the reasons set forth in this letter opinion.

*Facts*

On June 23, 1992, an earlier case filed by ADC against WNC came before the Honorable Michael P. McWeeny for trial (Law No. 107185). It involved the identical cause of action which is the subject of this case. ADC alleged a breach by WNC of the map binding contract and sought recovery of direct and consequential damages. At trial, following the conclusion of ADC's case, WNC moved to strike ADC's consequential damages claim. The Court granted WNC's motion. WNC then presented its evidence. At the conclusion of WNC's case, ADC moved for and was granted a nonsuit of its case. ADC then filed a motion for reconsideration of the ruling striking its consequential dam-

ages claim. The Court denied that motion. On July 24, 1992, the Court entered an order reflecting all of its aforementioned rulings.

ADC thereafter appealed the trial court's ruling striking its consequential damages claim and denying its motion for reconsideration. ADC's petition for appeal was subsequently dismissed by the Supreme Court of Virginia because "the order appealed from is not an appealable order."

On January 22, 1993, ADC filed this action against the defendant again alleging WNC's breach of the same map binding contract and again seeking the recovery of direct and consequential damages. WNC moved to dismiss ADC's consequential damages claim contending that it was barred by the doctrine of *res judicata*. ADC argues that the order in the prior case striking its consequential damages claim was not a final adjudication and therefore that its consequential damages claim may not be barred on those grounds.

## Discussion

The requirements which must be met for a claim to be barred by operation of the doctrine of *res judicata* are as follows: (1) The former judgment must have been both valid and final; (2) the claim asserted in the later litigation must be the same claim asserted in the former litigation; (3) the former judgment must have been rendered on the merits; and (4) the parties to the former judgment must stand in such relationship to the parties to the later action that they are bound by the decision in the prior litigation. *Turpin v. Lyle*, 377 F. Supp. 170, 172 (W.D. Va. 1974) (citing *Thomas v. Consolidated Cont. Company*, 380 F.2d 69 (4th Cir. 1967), cert. denied, 389 U.S. 1004 (1967), reh. denied, 389 U.S. 1059 (1968)). *See also Gordon v. Fairfax County*, 207 Va. 827, 831 (1967) (citing *Patterson v. Anderson*, 194 Va. 557, 564 (1953)).

The second and fourth requirements set forth above are clearly met in this case: the cause of action and parties are identical to those in the former litigation. It is also clear that the third requirement is met: the former judgment was rendered after consideration of the evidence by ADC presented at trial as part of its case in chief. Accordingly, only the first requirement remains in dispute. The dispositive issue becomes: was the former adjudication granting the motion to strike ADC's consequential damages claim a final, binding judgment?

Virginia Code § 8.01–380 (the "Virginia Nonsuit Statute") provides in pertinent part as follows:

> 8.01–380. *Dismissal of action by nonsuit.* — A. A party shall not be allowed to suffer a nonsuit as to any cause of action or claim, or any other party to the proceeding, *unless he does so before a motion to strike the evidence has been sustained* or before the jury retires from the bar or before the action has been submitted to the court for decision . . . .

(Emphasis added.)

In *Newton v. Veney & Raines*, 220 Va. 947, 952 (1980), the Supreme Court of Virginia clarified the operation and effect of the Virginia Nonsuit Statute:

> A court decides a case by making a ruling. On a motion to strike the court "rules" or "decides" when it sustains or over-rules the motion. It is this act that imparts finality to and disposition of a matter, and until it occurs a party is allowed to suffer a nonsuit.

In the prior suit between ADC and WNC, the Court made a final decision disposing of WNC's consequential damages claim when it sustained ADC's motion to strike the evidence presented in support of that claim. The finality of that decision satisfies the remaining require-ment for it to be a final judgment for *res judicata* purposes. ADC's consequential damages claim is therefore barred.

Although counsel have not found Virginia case law addressing the precise issue before the court, there is persuasive authority for the conclusion reached above. Thus, it is stated in one treatise:

> Before the enactment of a statute or rule of court changing the rule, a nonsuit for failure of proof was regarded in some cases as not precluding the institution of a new action by the plain-tiff. However, a judgment, in a former action, based upon an insufficiency of evidence, is generally regarded as sufficient to support the application of the doctrine of res judicata, and to preclude another trial in a new action involving the same sub-ject matter . . . . Similarly, it has been held that the fact that a judgment is based on a lack of evidence to support the alle-gations made does not preclude the judgment from operating as res judicata of the issues raised.

46 Am. Jur. 2d, *Judgments*, § 515 at 667–68 (citing *Patterson v. Saunders*, 194 Va. 607, 611 (1953)). These principles stand for the proposition that when a motion to strike for insufficiency of evidence is granted, a final and binding judgment is made dismissing that part of the plaintiff's case deemed insufficient. Such an insufficiency might pertain to a plaintiff's entire cause of action or only one of several claims. Accordingly, when the Court in Law No. 107185, struck ADC's consequential damages claim, that ruling became a final judgment disposing of that claim. At that point, only ADC's claim for general contract damages remained. It was that remaining claim for general contract damages which was dismissed without prejudice as a consequence of ADC's nonsuit.

But ADC argues:

> Unless [it] is allowed to assert its claim for consequential damages in the refiled case, the effect of the Supreme Court's holding that the nonsuit order entered in the prior suit is not an appealable order is to deny plaintiff any review of what amounts to a final ruling if [WNC's] position is adopted. Such interpretation works a manifest injustice upon [ADC].

ADC Mem. at 2. The problem with ADC's argument is that it fails to take into account the fact that ADC was not required to nonsuit its case. It might have elected to try the general contract claim and appeal the Court's decision to strike its consequential damages. Having elected not to do so, its consequential damages claim is now barred according to *res judicata* principles. That circumstance is a product of its own making. Once the case was nonsuited, there was no case pending from which an appeal could be taken.

The Court was apparently aware of the potential effect of the nonsuit. Thus, in its final order, the Court declared:

> The Court then requested briefs from counsel as to the effect of granting the motion to strike and the nonsuit. Subsequently, the Court withdrew its request for briefs on the basis that the case had ceased to exist upon granting the nonsuit, and any further opinion from the Court would be inappropriate as being an advisory opinion.

(Final Order in Law No. 107185). Of course by the time the Court entered that order, ADC had already forfeited its ability to challenge

the dismissal of its consequential damages claim on account of its intervening nonsuit.

For the foregoing reasons WNC's motion to dismiss ADC's consequential damages claim is granted.