## CIRCUIT COURT OF LOUDOUN COUNTY

David Thomas
and Judith Thomas,
Adm's of the Estate of
Michael David Thomas,
deceased

v.

Christopher S. Settle et al.

January 25, 1995

Case No. (Law) 11244

BY JUDGE JAMES H. CHAMBLIN

After consideration of all the memoranda and letters of counsel, the argument on October 17, 1994, and the transcript of the testimony at trial of Christopher D. Settle, the Plaintiffs' Motion to Set Aside the Verdict and Award a New Trial is denied for the reasons that follow. Each ground of the Motion is addressed below.

### Sudden Emergency Instruction

The basis of the Plaintiffs' argument that I erred in granting Instruction No. R is that no sudden emergency can occur when a forward car stops suddenly because such stopping is foreseeable. The Plaintiffs seem to argue that a driver has an absolute duty to anticipate a sudden stopping of a vehicle in front and avoid colliding with it. I do not believe this to be the law in Virginia.

After reviewing all the cases cited by counsel, I cannot conclude either such an absolute duty exists or that, as a matter of law, a sudden emergency can never exist when a forward car stops suddenly. Counsel did not cite, and I could not find, any case wherein the Virginia Supreme Court has held that the sudden emergency doctrine is never applicable in the case of a rear-end collision with a suddenly stopped vehicle. In *Carolina Coach*

*Co. v. Starchia*, 219 Va. 135 (1978), the Supreme Court found that a sudden emergency instruction was erroneously refused in a rear-end collision case. As stated by the Supreme Court in *Garnot v. Johnson*, 239 Va. 81 (1990), at 86:

> A driver knows, or should know, that a car immediately in front of him may stop suddenly. [Citations omitted.] It is a foreseeable, not an unexpected, occurrence. [Citations omitted.] Therefore, such a stopping, *absent evidence of an unforeseen happening*, does not constitute an emergency that would invoke the sudden emergency doctrine. [Emphasis supplied.]

In a sudden stopping of a forward car situation, there must be no evidence of an unforeseen happening to avoid application of the sudden emergency doctrine as a matter of law.

The determination of whether there is evidence of an unforeseen happening is for the court. If the court determines that there is evidence of an unforeseen happening, then it is for the jury to determine if there was an unforeseen happening. The jury makes this determination by applying the facts as the jury finds them to the law contained in the sudden emergency instruction. The jury decides whether the driver was confronted without negligence on his part with a sudden emergency, and, if so, whether he acted as a reasonable person.

I am of the opinion that there was evidence presented at trial of an unforeseen happening. The decedent's vehicle was in the left inside lane on a four-lane divided highway with a 55 mile per hour speed limit. The vehicle was going very slow, if not stopped, on a high speed road where one expects a vehicle going slow to be in the right hand lane. Even more importantly, the decedent's vehicle exhibited no signals to indicate that it was going slow or stopping. There were no brake lights, no emergency flashers, and no hand signals. The decedent's vehicle was located in a place where it would have been very easy to pull off either side of the road if the vehicle had a problem. Mr. Settle testified that he came upon the decedent's vehicle as, or shortly after, he changed from the right hand lane to the left lane to go around a slower moving vehicle in the right lane. Other witnesses testified that a truck in front of Mr. Settle in the left lane veered quickly to the right lane just before the decedent's vehicle. He testified that he was in the decedent's lane of travel for only a very short period of time before the collision. I feel that Mr. Settle's coming upon such a vehicle creates at the very least a jury question of the existence of

an unforeseen happening, or, as set forth in Instruction No. R, whether Mr. Settle was confronted with an event or a combination of circumstances calling for immediate action without giving time for the deliberate exercise of judgment.

I cannot find that as a matter of law, Mr. Settle, considering the evidence presented at trial, had the absolute duty to foresee that a vehicle ahead of him on a 55 mile per hour highway might be going very slow, or almost stopped, in his lane of travel without any warning signal being given by that vehicle. There is a statutory prohibition against stopping on the highway except in limited circumstances. The reason for the prohibition is obvious. It is dangerous to stop, or go very slowly, on a highway, especially a high speed highway.

Anyone who has driven an automobile knows that if you are unaware that the vehicle ahead has stopped or is moving slowly (there being nothing about the vehicle, e.g., emergency flashers, or nothing around it, to draw a driver's attention to its being stopped or going slowly), you must get close to it to be able to recognize that it is stopped or going slowly. In this case, there is the additional evidence in the form of the expert opinion of Dr. Owens that it is impossible to tell of the danger under such circumstances at 200 feet or more away. If a vehicle is traveling 55 miles per hour, then under the table of stopping distances found in § 46.2-880 (given in this case as Instruction No. 25), it would take an automobile 216 feet and a truck 288 feet to stop after the driver perceives the danger. Both stopping distances exceed 200 feet. The statutory table assumes a reaction time of 3/4 second, but Dr. Owens opined at trial that a reaction time could be as long as three seconds depending on the uncertainty or unexpected nature of the event. A longer reaction time means a longer distance to stop. If a driver had a duty to foresee the danger encountered by Mr. Settle and drive in such a manner to avoid a collision, then a driver would be required to drive slower than the 55 mile per hour speed limit. Whether Mr. Settle was negligent in not realizing quickly enough or in not reacting fast enough to avoid the collision was a question for the jury. I do not agree with the Plaintiffs' argument that there is no evidence of an unforeseen happening because Mr. Settle testified that he had an unobstructed view of the decedent's vehicle throughout the entire passing maneuver. This argument presupposes that Mr. Settle perceived the danger, or should have perceived the danger, immediately upon his seeing the decedent's vehicle. I feel that any question of when Mr. Settle should have perceived the danger and taken appropriate actions was one for the jury to decide. I do

not agree that Mr. Settle had the duty to avoid the collision just because he saw the decedent's vehicle before the collision.

The Plaintiffs argue that as a matter of law, any sudden emergency was a result of Mr. Settle's own negligence. I do not agree. I feel it presented a question for the jury to determine whether Mr. Settle's negligence put him in the situation of coming upon the decedent's slow moving vehicle without signals in Settle's lane of travel, i.e., whether or not there was an "unforeseen happening." Under the evidence presented, the jury could have concluded that Mr. Settle was already beyond the point where he could have avoided the collision when he realized as a reasonable person, under the circumstances, for the first time the danger before him. The jury could have come to the conclusions set forth on pages 10-12 of the Defendant's Responsive Memorandum.

The Plaintiffs also argue that the sudden emergency instruction should not have been given because Mr. Settle's own testimony shows that he was negligent. They cite the doctrine of *Massie v. Firmstone*, 134 Va. 450 (1922). I do not feel that *Massie* is applicable to this case because in the context of a negligence action, under *Crew v. Nelson*, 188 Va. 108 (1948), and *Shelley v. West*, 213 Va. 611 (1973), Mr. Settle is not precluded from asserting that he was confronted with a sudden emergency unless his testimony shows clearly and unequivocally that he has no case, i.e., that he was negligent. Reasonable persons may differ as to the effect of Mr. Settle's testimony. His testimony was not clear, unequivocal, and unambiguous. His testimony was, therefore, entitled to be considered by the jury, along with all of the other evidence in the case.

It is my opinion that whether Mr. Settle was confronted with a sudden emergency was an issue for the jury to decide in this case.

The Plaintiffs claim that a sudden emergency instruction should not have been given because it was not supported by either the Plaintiffs' or the Defendants' theory of the case. I do not agree because (1) whether or not such an instruction is supported by the Plaintiffs' theory of the case is irrelevant and (2) sudden emergency was a part of the theory of the Defendants' case. The sudden emergency instruction does not in any way help or benefit the Plaintiffs' case. Therefore, any argument that it is not supported by the Plaintiffs' theory of the case is meaningless. However the Plaintiffs may attempt to characterize the Defendants' theory of the case on page 14 of their Memorandum, sudden emergency is a part of it.

*Massie v. Firmstone Instruction*

For reasons stated above, I feel that *Massie* has no application to this case, and Instruction No. 4 was properly refused.

*Instructions Concerning Reasonable Speed and Lookout for Sudden Stopping of Vehicles Ahead*

The Plaintiffs argue that the portion of Instruction No. 16-C concerning a driver's duty to operate his vehicle at a reasonable speed was erroneously refused. I do not agree because there was no evidence that Mr. Settle was exceeding the speed limit or that he was operating his truck at a speed not reasonable under the conditions. The evidence at trial presented issues of proper lookout and keeping a vehicle under proper control rather than an issue of speeding.

Instructions No. 16-A and 16-B offered by the Plaintiffs were adequately covered by Instructions No. 16-C (telling the jury that Mr. Settle had a duty to keep a proper lookout and to keep his truck under proper control) and Instruction No. 17 (telling the jury that Mr. Settle shall not follow another motor vehicle more closely than is reasonable and prudent).

Instructions No. 16-A and 16-B are merely recitations of language out of Supreme Court cases concerning the duties imposed on a driver as the jury was instructed in Instructions No. 16-C and 17. The refused instructions concern matters argued in closing by counsel for the Plaintiffs.

*Testimony of Dr. Owens*

The Plaintiffs argue that I erred in allowing the Defendants' expert, Dr. Owens, to testify that Mr. Settle was confronted with the unexpected occurrence of a car being stopped in the lane ahead of him. I do not recall counsel for the Plaintiffs objecting to this testimony by Dr. Owens. However, Dr. Owens' opinion consisted of more than a statement that the mere stopping of a vehicle in front of Mr. Settle constituted the unexpected occurrence. The unexpected occurrence resulted from the vehicle's going slow, if not stopped, without any warning signals on a high speed highway. He did not testify that a driver should not expect a vehicle in front of him to stop or slow down. He testified about the driver's perception of the stopping or slow moving and its danger. His expert opinion assisted the jury in its determinations and was admissible under § 8.01-401.3.

## Negligence of Settle

For reasons stated above, I feel that I did not err in failing to grant the Plaintiffs' motion for partial summary judgment on the issue of the negligence of Mr. Settle. It was a question for the jury.