## CIRCUIT COURT OF WESTMORELAND COUNTY

Smith

v.

Policelli

August 20, 1996

BY JUDGE JOSEPH E. SPRUILL, JR.

We have for consideration Defendant's Motion to Strike which was taken under advisement at trial on July 2. The defendant advances three reasons why her motion should be granted: (1) plaintiff failed to prove the defendant was negligent; (2) the evidence established that the plaintiff was contributorily negligent as a matter of law; and (3) the trooper should not have been allowed to testify to marks on the roadway.

The evidence was that the defendant's car broke down and was pushed to the side of the road. However, some portion of the rear of her car remained in the roadway where it was subsequently hit by the plaintiff. The evidence established that it was dark and the defendant's car was without lights.

Deputy Marks testified that he came by the scene prior to the accident and found the defendant's car protruding onto the roadway. He stopped and warned the defendant to remove the car from the roadway. Then the deputy left. The defendant's deposition was read to the jury. In the deposition, the defendant was asked: "Did you do anything with your car after the sheriff [Marks] left?" Her answer: "We tried to push the back end. We tried to push it some more, but the ditch was there and we couldn't. We just couldn't go any further with the ditch there."

The Court must view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the plaintiff and resolve any reasonable doubts as to its sufficiency in his favor. *Meeks v. Hodges*, 226 Va. 106 (1983). Questions of negligence ordinarily are jury issues.

With these principals in mind, the Motion to Strike must be denied. There was evidence presented from which a jury could reasonably conclude that the

defendant was negligent. Further, it could not be said that the evidence, as a matter of law, established contributory negligence on the part of the plaintiff. These were jury issues.

This trial came several years after the accident. Trooper Henderson, the investigating officer, had very little independent recollection of these events. He was allowed, during his testimony, to refer to his field notes he made at the time. He was examined and cross-examined by counsel. We found no basis upon which to exclude his testimony. The weight to be given his testimony was a matter for the jury to decide. His testimony was not, however, as the defendant argues in his post-trial memorandum, the only evidence of defendant's negligence. The testimony of each of the other witnesses, including the deposition of defendant herself, which was read to the jury, contain statements from which, if believed, the jury could find negligence.

A motion to strike should only be granted when it conclusively appears that plaintiff has not proved his case. *Payne v. Goeckl*, 236 Va. 356 (1988). It cannot be said, conclusively, that no case was proven here. Accordingly, the motion is denied.