## CIRCUIT COURT OF THE CITY OF RICHMOND

Robert P. Wood, Jr., et al.

v.

Commonwealth of Virginia et al.

October 19, 1999

Case No. LC-2358-1

BY JUDGE MELVIN R. HUGHES, JR.

The parties appeared on the defendants' motion to dismiss pursuant to an order dated October 27, 1998. After the defendants so moved, plaintiff moved the court for a nonsuit, which motion defendants oppose.

The order of October 27, 1998, speaks of a stay of the proceedings "until such time as the Plaintiffs have exhausted all appeals of the federal litigation filed by Plaintiff ... ." The order goes on to state:

It is further ordered that if the plaintiff does not pursue further appeal from the Fourth Circuit Court of Appeals to the United States Supreme Court, this case shall be dismissed upon principles of res judicata upon motion by Defendants.

On their appearance by counsel on October 14, 1999, defendants so moved and plaintiff thereupon moved to take a nonsuit.

Citing *Newton v. Veney*, 220 Va. 947 (1980), plaintiff asserts the right to nonsuit under § 8.01-380(A) where the motion is made before a motion to strike is sustained, as occurred in *Newton*. The nonsuit statute also affords the right "before the action has been submitted to the court for decision."

Here, by the terms of the October 1998 order, whether the action would be dismissed for res judicata defends on plaintiff's pursuit of appeals in the federal court system. While there is no dispute the times for appeals have run,

338

there is still something left to be done here to accomplish a dismissal. The court has to be advised of the situation through a motion. When defendants' counsel finished her remarks, plaintiff then rose in response and, rather than responding to the merits of the motion, then advised the court of his motion to nonsuit. Under these circumstances, the matter had not yet been submitted for decision and the motion for nonsuit is timely and the nonsuit will be allowed. This is the case notwithstanding defendants' reliance on *Khanna v. Dominion Bank*, 237 Va. 243 (1988), and *Wells v. Lorcum House*, 237 Va. 247 (1989).