## CIRCUIT COURT OF THE CITY OF RICHMOND

Jeanette Hawkins

v.

Robert A. Martin
and The Free Lance-
Star Publishing Co.
of Fredericksburg, Va.

July 9, 2002

Case No. LP-161-1

By Judge Melvin R. Hughes, Jr.

On a Special Plea of Res Judicata, defendants argue that, after the court struck the evidence and awarded them partial summary judgment in an earlier trial of this case, plaintiff is precluded from asserting claims of unlawful appropriation of likeness in Count 1, intentional infliction of emotional distress in Count 3, and negligence in Count 4 in this refiled action. Defendant also asserts that plaintiff is precluded from claiming punitive damages because the court ruled that plaintiff was not entitled to a jury instruction in the first case. At a hearing on the Special Plea, plaintiff conceded the first point but not the second, after which the court took the question under advisement.

In support of the Special Plea, defendant has submitted the transcript of the August 2001 proceeding dealing with jury instructions. The transcript reveals that, following an off the record, out of the courtroom conference between the court and counsel on instructions, a brief argument on punitive damages ensued. During a colloquy between the court and counsel, defense counsel asked the court whether the issue of punitive damages (presumably instructions) had been ruled on. The court answered in the affirmative. According to defendant's Special Plea, after denying plaintiff's instruction on punitive damages, the court permitted plaintiff to state objections to that

ruling for the record. Plaintiff, on the other hand, argues that the court had not yet ruled and allowed counsel to continue argument in court on the record.

Under Va. Code § 8.01-380(A), a party shall not take a voluntary nonsuit "unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision." Defendants have cited a number of cases in support of the Plea. Among these are *Hilb, Rogal and Hamilton Co. of Richmond etc. v. DePew*, 247 Va. 240, S.E.2d 918 (1994); *Homeowners Warehouse Inc. v. Rawlins*, 242 Va. xiii, 409 S.E.2d 115 (1991); *Newton v. Veney*, 220 Va. 947, 265 S.E.2d 707 (1980); *Berryman v. Moody*, 205 Va. 516, 137 S.E.2d 900 (1964). These cases deal with that portion of the statute that allows a nonsuit on a motion to strike that is sustained. The portion of the statute implicated here is that part that permits the nonsuit "before the jury retires from the bar or before the action has been submitted to the court for decision." The court finds that plaintiff is not barred from stating a claim for punitive damages in this refiled action.

It must be remembered that the earlier trial was by jury. So, that portion of the nonsuit statute which authorizes the taking of a nonsuit in a jury trial context is thereby implicated. Plaintiff took the nonsuit "before the jury retire[d] from the bar. . . ." This leaves the question of whether a decision denying plaintiff a punitive damage instruction before the nonsuit bars the claim in this refiled action.

Defendants contend that, since the court stated it had ruled on the issue of punitive damages instruction adversely to plaintiff, no such further claim can be advanced in this renewed action. The answer to the contrary is found in the very words of the statute because it mentions "before the action has been submitted to the court for decision." (Emphasis added.) The words "the action" refer to the case, the cause of action, then being advanced by plaintiff, not to an element of damages that form a part of that cause of action. There is no cause of action for punitive damages such that punitive damages would frame an "action" for purposes of submitting "the action to the court for decision." *Cocoli v. Children's World Learning Centers, Inc.*, No. 116687, 1992 WL 885072 (Va. Cir. Dec. 11, 1992). Punitive damages are a remedy, not a cause of action. *Eslami v. Global One Communications, Inc.*, 48 Va. Cir. 17 (1999).

As punitive damages could not be an "action," capable to submission to the court for decision, nor did the jury retire from the bar within the intent of Va. Code § 8.01-380, plaintiff has a right to assert punitive damages again in this refiled action.

238

Mr. Roberts can prepare and submit an order sustaining in part and overruling in the part defendant's Special Plea.