## Richmond

### NORMA MULLINS REAGAN V. MARY HESTER REAGAN.

August 28, 1974.

Record No. 730888.

Present, All the Justices.

*Vernon B. Oakley, Jr.; Frank D. Harris (Harris & Matthews,* on brief), for plaintiff in error.

*Don P. Bagwell (Tuck, Bagwell, Dillard, Mapp & Nelson,* on brief), for defendant in error.

Harman, J., delivered the opinion of the court.

A jury in the trial court awarded a verdict of $7,000 against Norma Mullins Reagan (defendant) in favor of her guest-passenger, Mary Hester Reagan (plaintiff). The court sustained this verdict and entered judgment upon it.

We granted a writ of error to determine whether the evidence is sufficient, as a matter of law, to sustain the jury's finding of gross negligence.

Plaintiff was injured on July 31, 1971, as the result of an automobile crash between defendant's car and a car driven by Richard K. Craig (Craig). The accident occurred shortly after 1:00 p.m. on a clear, dry day. Defendant was crossing Riverside Drive (U.S. Route 58), a heavily traveled, east-west, multilane, divided highway in the City of Danville, when her car collided with the car driven by Craig. The speed limit on Riverside Drive

was 40 miles per hour. Traffic was heavy at the time of the crash.

Defendant testified that she stopped her car after driving from a parking lot on the south side of Route 58 into the crossover between the eastbound and westbound lanes of Riverside Drive. Her view of traffic traveling in two of the three westbound lanes was blocked by vehicles stopped in the southernmost (inside) westbound lane waiting to make a left turn into the parking lot. Defendant intended to cross the westbound lanes of Riverside Drive to enter a parking lot on the north side of the street. She related that she slowly moved her car forward, in order to look for westbound traffic, when the crash with Craig's car, which was traveling in the center lane of the three westbound lanes, occurred. Defendant admitted that she did not see the Craig car before the wreck.

George V. Henderson, the officer who investigated the incident, testified without objection that the point of impact was near the center of the center westbound lane. He further testified that the left front and side of the Craig car came into contact with the right front and side of the Reagan car. The center westbound lane was measured by the officer who found it to be 11 feet wide. Shortly after the accident Henderson interviewed the defendant who told him that the driver of the "... first [stopped] car motioned her to come through, so she proceeded through the intersection out into 58 west, and she said just as she got into the middle lane she saw this car coming up at a high rate of speed, and it was too late to do anything about it at this point."

Craig testified that he was driving west at 30 to 35 miles per hour in the center westbound lane. He first observed defendant's car about three car lengths ahead of him as she emerged from behind the cars stopped in the inside westbound lane. Craig estimated defendant's speed when he first saw her to be approximately 20 miles per hour and said he did not believe she decreased her speed prior to the crash. In fact, Craig observed at one point in his testimony that it "[l]ooked like she may have kicked it and tried to make it across in front of me."

The legal principles applicable here are well established. Gross negligence is that degree of negligence which shows such indifference to others as constitutes an utter disregard of prudence amounting to a complete neglect of the safety of a

guest. It must be such a degree of negligence as would shock fair minded men although something less than willful recklessness. *Ferguson* v. *Ferguson*, 212 Va. 86, 92, 181 S.E.2d 648, 653 (1971).

Here the plaintiff comes before us with a jury verdict in her favor which has the approval of the trial court. In such circumstances we must view the evidence, and all reasonable inferences therefrom, in the light most favorable to her. *State Farm Ins. Co.* v. *Long*, 212 Va. 234, 183 S.E.2d 138 (1971).

All inferences which the jury might have fairly drawn from the plaintiff's evidence must be drawn in her favor; and where there are several inferences which may be drawn from the evidence, though they may differ in degree of probability, the court must adopt those most favorable to the party prevailing below. *See Williams* v. *Vaughan*, 214 Va. 307, 310, 199 S.E.2d 515, 518 (1973).

Generally, negligence (ordinary or gross), contributory negligence and proximate cause are questions for the jury to decide. *Shelley and Miller* v. *West*, 213 Va. 611, 615, 194 S.E.2d 899, 902 (1973). Only when reasonable men cannot differ does gross negligence become a question of law. *Williams* v. *Vaughan*, *supra*.

When we apply these principles to the instant case, we find the evidence sufficient to support the jury's finding of gross negligence. Here the jury could have reasonably inferred that the defendant drove her car across the westbound lanes of Riverside Drive in heavy traffic without keeping a proper lookout, or, if keeping a proper lookout, failing to heed what that lookout disclosed. It also could have reasonably inferred that defendant saw Craig's car and attempted to cross in front of it when that car was dangerously near.

We cannot say, as a matter of law, that the evidence does not support the jury's finding that the defendant negligently drove her car so as to show such indifference to others as to constitute an utter disregard of prudence amounting to a complete neglect of the safety of her guest. We, therefore, affirm the judgment of the trial court.

*Affirmed.*

Carrico, J., dissenting.

In my opinion, the evidence in this case was insufficient, as a

matter of law, to establish gross negligence on the part of the defendant. At most, the evidence showed the defendant guilty of ordinary negligence, and that is not sufficient to support the verdict. I would, therefore, reverse and enter final judgment for the defendant.

Harrison, J., joins in this dissent.