# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Horacio G. Pino

v.

City of Chesapeake
School Board
and Jamie Lee Holloway,
a/k/a Jamie Lee Patterson

December 4, 2015

Case No. CL15-637

BY JUDGE MARJORIE A. TAYLOR ARRINGTON

This matter came before the Court on the demurrer of the defendant, Jamie Lee Holloway, a/k/a Jamie Lee Patterson ("Patterson"). Counsel for all parties appeared on November 18, 2015, and presented argument, after which the matter was taken under advisement. The Court has considered the arguments of counsel and the brief filed by Patterson.

The Complaint alleges that Patterson, a bus driver employed by the co-defendant, School Board for the City of Chesapeake (the "School Board"), while making a left turn onto Benefit Road, stopped in the southbound lane of Benefit Road to engage in an argument with another driver. Patterson had stopped at a stop sign prior to proceeding into the southbound lane of traffic.

The plaintiff, Horacio G. Pino, who was traveling in the northbound lane of Benefit Road on his motorcycle, after observing that the school bus was stopped in the intersection, proceeded towards the intersection. Pino did not have a stop sign. The Complaint alleges that Patterson then resumed her left-hand turn onto Benefit Road without looking to her right. She entered the northbound lane as Pino was approaching, and Pino collided with the bus and was injured.

Pino has claimed damages against the School Board for negligence, gross negligence, and willful and wanton conduct in the amount of $16 million,

and against Patterson for gross negligence and willful and wanton conduct in the amount of $16 million in compensatory and $1 million in punitive damages. The School Board answered the Complaint, and Patterson filed the demurrer here considered.

The Court applies the familiar legal standard for demurrer. "A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Glazebrook v. Board of Supervisors of Spotsylvania County,* 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). Further, a demurrer "admits the truth of the facts contained in the pleading to which it is addressed, as well as any facts that may be reasonably and fairly implied and inferred from those allegations. A demurrer does not, however, admit the correctness of the pleader's conclusions of law." *Taboada v. Daly Seven, Inc.,* 271 Va. 313, 317, 626 S.E.2d 428, 429 (2006); *Harris v. Kreutzer,* 271 Va. 188, 195, 624 S.E.2d 24, 28 (2006).

Patterson demurs on the basis that the allegations are insufficient to state a claim for gross negligence, and accordingly, the claim against her is barred by the doctrine of sovereign immunity. The Commonwealth is immune from suit for tortious acts absent an express legislative waiver of immunity. *Hinchey v. Ogden,* 226 Va. 234, 241, 307 S.E.2d 891, 895 (1983). Sovereign immunity extends to a locality exercising its governmental function, regardless of whether such tortious acts are negligent or intentional. *See City of Virginia Beach v. Carmichael Dev. Co.,* 259 Va. 493, 527 S.E.2d 778 (2000) (city immune from tortious interference with contract). Further, a locality's sovereign immunity extends to its school board. *Kellam v. School Bd. of the City of Norfolk,* 202 Va. 252, 254, 117 S.E.2d 96, 97 (1960).

The legislature has waived a school board's sovereign immunity to a limited degree. Pursuant to Va. Code § 22.1-194, school boards may be liable for injury due to an accident involving a vehicle which it owns or operates. The extent of its liability is limited to either the amount of insurance available for the injury or, if self-insured, then up to the statutory minimum insurance of $50,000.00 per person. Va. Code § 22.1-190. The School Board has not demurred to the Complaint, and this opinion only addresses whether Pino's action against Patterson is barred by sovereign immunity.

Individual employees on the other hand, must satisfy a four-prong test of entitlement to immunity, weighing:

> (1) the nature and function the employee performs; (2) the extent of the governmental entity's interest and involvement of the function; (3) the degree of control and direction exercised by the governmental entity over the employee; and

(4) whether the alleged wrongful act involved the exercise of judgment and discretion.

*Lentz v. Morris*, 236 Va. 78, 83, 372 S.E.2d 608, 610 (1988) (citing *Messina v. Burden*, 228 Va. 301, 311, 321 S.E.2d 657, 662 (1984)).

In *Linhart v. Lawson*, 261 Va. 30, 540 S.E.2d at 875 (2001), the Court held that a school bus driver satisfied the four-prong test, and was entitled to immunity for acts of simple negligence. *Id.* at 36-37, 540 S.E.2d at 878 (gross negligence not alleged). *See also Messina*, 228 Va. at 311, 321 S.E.2d at 662 (state employee entitled to sovereign immunity absent any claim of gross negligence or intentional misconduct). Thus, Patterson is immune for acts of simple negligence, and her demurrer rests on whether Pino has sufficiently pleaded gross negligence. If he has not, then the Complaint fails to state a cause of action against Patterson, and the claims against her must be dismissed.

To state a claim for negligence, a plaintiff must plead a legal duty, breach of that duty, and resulting damages. *Delk ,v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 132, 523 S.E.2d 826, 830 (2000). There is no dispute that Pino has alleged that he suffered damages as a proximate result of Patterson's negligence. Although Pino clearly alleges that Patterson owed a duty of due care, there is some dispute as to the nature of that duty. The Complaint makes repeated reference to Patterson's disregard for the safety of the children for whom she was responsible. However, the plaintiff is not one of those children, and the allegations do not establish that she had any heightened duty of care towards other drivers on the road. Similarly, despite the allegation that Patterson was specially trained, it is not pleaded that such training gave her specific warning, apart from that ordinary prudence required of any driver, against the omissions she made prior to the accident. *Cf. Alfonso v. Robinson*, 257 Va. 540, 546, 514 S.E.2d 615, 619 (1999).

For purposes of this demurrer, the Court will assume that Patterson had only a duty of ordinary prudence to other drivers on the road. The remaining issue is whether Patterson's breach of that duty, as alleged, amounted to gross negligence. The Supreme Court of Virginia has stated that:

> [g]ross negligence is that degree of negligence which shows such indifference to others as constitutes an utter disregard of prudence amounting to a complete neglect of the safety of [another]. It must be such a degree of negligence as would shock fair minded men although something less than willful recklessness.

*Reagan v. Reagan*, 215 Va. 222, 223-24, 207 S.E.2d 888, 890 (1974). The Court also observed that "[g]enerally, negligence (ordinary or gross) . . . are questions for the jury to decide." *Id.* at 224, 207 S.E.2d 890.

In *Reagan,* the Court held that there was sufficient evidence to support a jury verdict for gross negligence. *Id.* The defendant driver had crossed the nearest two lanes of traffic and paused in the middle of the four-lane highway before proceeding across the two farther lanes. *Id.* at 223, 207 S.E.2d at 889. Traffic was heavy at the time of the accident, and there was testimony to the effect that she saw the oncoming vehicle and "kicked it and tried to make it across in front of" that vehicle. *Id.* at 223, 207 S.E.2d at 889-90. The Court concluded that a jury could have inferred either that the defendant entered "heavy traffic without keeping a proper lookout" or "if keeping a proper lookout, failing to heed what that lookout disclosed." *Id.* at 224, 207 S.E.2d 890. It also noted that there was a reasonable inference she had attempted to cross in front of a car that was "dangerously near." *Id.*

The allegations of the Complaint, taken as true, similarly demonstrate that Patterson stopped at the stop sign and prepared to turn before entering the intersection, stopped again after entering the first lane of traffic, and then resumed her crossing of the intersection without looking. There is a fair inference that, if she had looked again at that time, Patterson would have been able to see the oncoming motorcycle. In *Reagan,* the Court concluded that gross negligence would be supported if the defendant purposely rushed in front of the oncoming vehicle or failed to keep a lookout in heavy traffic. Here, it is not alleged that Patterson purposely rushed in front of Pino's motorcycle or that traffic was heavy, but it is alleged she stopped in the middle of the intersection and focused her "sole attention on arguing" with the other driver. This allegation certainly supports an inference that Patterson acted with "such indifference to others as constitutes an utter disregard of prudence amounting to a complete neglect of the safety" of other drivers traversing the intersection.

In that sense, this case presents more than mere inattention or traffic infractions. *Cf. Carroll v. Miller,* 175 Va. 388, 9 S.E.2d 322 (1940); *Hershman v. Payne,* 196 Va. 241, 83 S.E.2d 418 (1954). While the allegations may not rise to the level of recklessness of drunk driving or deliberately speeding through hazardous roads, *cf. Clark v. Clark,* 216 Va. 539, 221 S.E.2d 123 (1976); *Williams v. Vaughan,* 214 Va. 307, 199 S.E.2d 515 (1973); *Smith v. Prater,* 206 Va. 693, 146 S.E.2d 179 (1966), they certainly state sufficient facts to put the defendants on notice of the basis for gross negligence. This is especially true if the Court were to apply Rule 3:18(b), pursuant to which negligence may be pleaded generally. Even accepting defendant's argument that a claim of gross negligence requires greater specificity, the Court finds that the allegations are sufficiently specific to withstand demurrer by either measure.

Accordingly, Patterson's demurrer must be overruled.