COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, Russell and Athey
Argued by teleconference


LYNCHBURG DEPARTMENT
 OF SOCIAL SERVICES

v.      Record Nos. 1018-19-3 and
                1560-19-3

CHANNEL BOXLEY

MEMORANDUM OPINION* BY
JUDGE CLIFFORD L. ATHEY, JR.
MAY 19, 2020


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
F. Patrick Yeatts, Judge

Susan L. Hartman, Assistant City Attorney, for appellant.

Jonathan M. Wallis (Sarah W. Bell, Guardian *at litem* for the
minor child; Wallis Law, PLLC; Woods Rogers, on brief), for
appellee.


        Lynchburg Department of Social Services ("LDSS") appeals a final order from the

Lynchburg Circuit Court ("trial court") granting Channel Boxley's ("mother") motion to strike

LDSS's evidence.  LDSS argues that the trial court erred by:  (1) granting mother's initial motion

to strike when the evidence was more than sufficient to allow a rational factfinder to conclude

that the child had been abused and/or neglected or was at risk of abuse and/or neglect,

(2) limiting and excluding relevant evidence presented to show abuse and/or neglect, reasonable

efforts to prevent removal, and past behavior with the child that is relevant to future potential

behavior, and (3) persisting in its position that it did not have proper subject matter jurisdiction.

For the reasons below, we affirm the ruling of the trial court.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

A. PROCEDURAL BACKGROUND

On August 1, 2018, the Harrisonburg/Rockingham County Juvenile and Domestic Relations District Court ("Harrisonburg JDR") entered a child protective order against mother, granting sole custody of M.J. to her father who resided in Lynchburg, Virginia. LDSS subsequently filed for an emergency removal order in the Lynchburg Juvenile and Domestic Relations District Court ("Lynchburg JDR") after discovering that the child was not living in Lynchburg with her father and that neither the child nor mother could be found. On September 4, 2018, the Lynchburg JDR entered the emergency order temporarily placing the five-year-old child in the care of LDSS pending the outcome of an adjudicatory hearing scheduled for October 11, 2018.

Following the adjudicatory hearing, the Lynchburg JDR held that M.J. was an abused or neglected child based on the facts alleged in the affidavit prepared by LDSS. On November 7, 2018, the Lynchburg JDR entered an order transferring custody of M.J. to LDSS and further approving LDSS's proposed foster care plan, which included as a primary goal the return of M.J. to her father's home. Mother timely noted her appeal to the trial court.

On February 15, 2019, the trial court heard some evidence before determining that since the custody of the child could be an issue, the father was a necessary party and continued the case to May 7, 2019, to hear testimony from the father and any remaining witnesses. When LDSS rested its case, mother moved to strike, and the trial court granted her motion, thereby dismissing the case. LDSS objected to the trial court's ruling and moved to stay execution of the trial court's order pending appeal to this Court, which was denied. The father then moved to stay

---

[1] The record in this case has been sealed. To the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed.

execution of the court's ruling pending clarification from the Harrisonburg JDR regarding its prior child protective order against mother. The trial court stayed execution of the order based upon the father's motion.

On September 17, 2019, the trial court entered a final order dismissing the abuse/neglect petition filed by LDSS, lifting the stay granted on May 7, 2019, and denying LDSS's renewed motion to stay execution of the final order pending this appeal.

B. FACTUAL BACKGROUND

During LDSS's case-in-chief, the trial court received into evidence as part of the record multiple orders from August of 2018 entered by the Harrisonburg JDR finding that: (1) M.J. was abused or neglected pursuant to Code 16.1-228(1); (2) mother had been required to submit to a drug test; (3) M.J. was to be placed with her father and all contact with mother was to be supervised; and (4) mother and father would cooperate with LDSS, which required mother to undergo a psychological evaluation.

LDSS presented multiple witnesses that testified to prior acts of abuse and neglect of M.J. by mother that had prompted the Harrisonburg JDR to issue a child protective order. Although the trial court sustained various objections to some of the testimony, the trial court heard voluminous testimony regarding the prior history of abuse and neglect by mother and father in relation to their daughter, including that LDSS was unable to place M.J. with relatives or her father due to a domestic violence charge against him.

The trial court also heard testimony that mother had previously left M.J. alone for twenty-five to thirty-five minutes in the home while she was assaulting a neighbor, which mother objected to on the basis of relevance to the current matter. LDSS argued that mother's prior history was relevant to show a pattern of behavior that places M.J. at risk of abuse. The trial court sustained mother's objection as to prior unfounded allegations but ruled that prior founded

- 3 -

allegations were relevant. Additional testimony concerning a founded LDSS investigation from July 2017 where mother was found in her bedroom with the door shut and the presence of a strong odor of marijuana was emanating throughout the house while M.J. was present was heard by the court.

At the conclusion of LDSS's evidence, mother moved to strike LDSS's case. The trial court ruled that LDSS failed to make a *prima facie* showing of abuse and neglect and granted the motion to strike, thereby dismissing the case. LDSS appeals from that ruling.

## II. ANALYSIS

### A. STANDARD OF REVIEW

On appeal, this Court views the evidence in the light most favorable to the plaintiff whose evidence is struck. Costner v. Lackey, 223 Va. 377, 381 (1982) (citing Warehouse v. Prudential Storage, 208 Va. 784, 790 (1968)).

> When the sufficiency of the plaintiff's evidence is challenged by a motion to strike, the trial court should resolve any reasonable doubt as to the sufficiency of the evidence in plaintiff's favor and should grant the motion only when it conclusively appears that the plaintiff has proved no cause of action against the defendant or when it plainly appears that the trial court would be compelled to set aside any verdict found for plaintiff as being without evidence to support it.

Newton v. Veney, 220 Va. 947, 951 (1980) (citing Reagan v. Reagan, 215 Va. 222, 224 (1974)).

### B. MOTION TO STRIKE

LDSS assigns error to the trial court granting mother's motion to strike at the conclusion of LDSS's case-in-chief. LDSS contends that it established a *prima facie* showing of abuse and neglect as required under Code § 16.1-252(A) sufficient to overcome mother's motion to strike made at the conclusion of their case-in-chief. We agree. LDSS was only required at this point in the proceeding to establish, in a light most favorable to LDSS, a *prima facie* showing of abuse and neglect. The previous findings of the Harrisonburg JDR along with the testimony of the

- 4 -

other witnesses during the trial met that burden given that LDSS was only required to establish a *prima facie* showing of abuse and/or neglect in a light most favorable to the plaintiff, LDSS.

Code § 16.1-252(A) provides that a preliminary order in cases in which a child is alleged to be abused or neglected may be issued by a trial court after a hearing wherein the court finds that reasonable efforts have been made to prevent removal of the child from his home. In order for a preliminary order to be entered, the petitioning party or agency must prove:

> 1. The child would be subjected to an imminent threat to the life or health to the extent that severe or irremediable injury would be likely to result if the child were returned to or left in the custody of his parents . . . ; and
>
> 2. Reasonable efforts have been made to prevent removal of the child from his home and there are no alternatives less drastic than removal of the child from his home which could reasonably and adequately protect the child's life or health.

Code § 16.1-252(E).

At the conclusion of the preliminary removal order hearing, the court shall determine whether the allegations of abuse or neglect have been proven by a preponderance of the evidence. An "[a]bused or neglected child" means any child

> [w]hose parents or other person responsible for his care, creates or inflicts, threatens to create or inflict, or allows to be created or inflicted upon such child a physical or mental injury by other than accidental means, or creates a substantial risk of death, disfigurement or impairment of bodily or mental functions.

Code § 16.1-288.

We held in Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1183 (1991), that the statutory definition of an abused or neglected child does not require proof of actual harm or impairment. But rather "'substantial risk' speaks *in futuro*" allowing for the removal of a child before being placed in an environment with an imminent risk of harm. Id. The child in Jenkins was born substance exposed to a mother who had a prior history of abuse and neglect of

other children.  Id.  We held that "the Code contemplates intervention in such circumstances by allowing for the emergency removal of children before placement into an environment where '[t]he child would be subjected to an imminent threat.'"  Id. (quoting Code § 16.1-251(A)(1)).

Mother argues that there was no imminent threat of abuse or neglect of M.J. and that all the evidence presented to the trial court that would potentially give concern for abuse and neglect occurred after the removal was sought by LDSS.

As we found in Jenkins, a prior order of abuse and neglect is relevant to show that the potential exists for a child to be abused or neglected in the future.  Id.  Here, mother had previously been found to have abused or neglected M.J. by the Harrisonburg JDR.  Both parents failed to follow the instructions of that court and subsequently M.J. was unable to be located to assure her safety.  The actions of mother and the father, taken in the light most favorable to LDSS, show that a *prima facie* case of abuse and neglect had been established by LDSS.  Therefore, for the trial court to grant the motion to strike at the close of LDSS's unrebutted evidence was erroneous.

## C.  HARMLESS ERROR

Although it was error for the trial court to grant mother's motion to strike following LDSS's case-in-chief, we find that the error was harmless.  Since LDSS had concluded presenting its evidence and it is unlikely that mother would have offered any testimony favorable to LDSS's case during her case-in-chief, the trier of fact would have been within his discretion in discounting the Harrisonburg JDR's previous finding that M.J. was an abused and neglected child in dismissing the case at the conclusion of all the evidence by finding that LDSS had not proven its case by a preponderance of the evidence.  Therefore, the trial court's error in this case cannot constitute reversible error and is therefore harmless.

Harmless error is not a "prudential, judge-made doctrine of appellate review[;]" rather, it "is a legislative mandate[.]" Commonwealth v. White, 293 Va. 411, 419 (2017); see also Code § 8.01-678 ("When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . for any error committed on the trial."). "Code § 8.01-678 makes 'harmless-error review required in all cases.'" Commonwealth v. Swann, 290 Va. 194, 200 (2015) (quoting Ferguson v. Commonwealth, 240 Va. ix, ix (1990)).

An alleged error is harmless "when we can conclude that the error at issue could not have affected the court's result." Forbes v. Rapp, 269 Va. 374, 382 (2005). The record clearly indicates that the alleged error did not affect the trial court's decision.

By granting the motion to strike at the close of LDSS's case-in-chief, the trial court had all of LDSS's evidence before it. While the standard was much more generous to LDSS at the time of the error, the trial court would have applied a much more stringent standard to LDSS's evidence at the conclusion of all the evidence. Also, mother was not required to present any evidence during her subsequent case-in-chief and was, furthermore, unlikely to provide any evidence that supported LDSS's petition. Moreover, LDSS did not call mother as an adverse witness during its case-in-chief forgoing their opportunity to adduce any further evidence that she, in theory, could have provided in support of its petition. In this bench trial, the judge was the ultimate trier of fact and would have reached the same conclusion at the close of all the evidence as was reached at the conclusion of LDSS's case-in-chief.[2] Accordingly, any error in

_____

[2] For practical purposes, if we were to reverse and remand the case based on this alleged error, the trial court would then deny the motion to strike on the basis of our analysis. The only rational response from mother would be to rest her case without putting on additional evidence. Free to weigh the evidence, the trial court would certainly find what it had already found and grant the motion to strike at the close of all the evidence. Harmless error review exists to avoid such wastes of time, money, and judicial resources.

the ruling of the trial court as alleged was harmless since the trial court would not have abused its discretion in discounting the previous findings of the Harrisonburg JDR and determining that LDSS failed to establish that M.J. was an abused and neglected child by a preponderance of the evidence.

### D. RELEVANT EVIDENCE

Additionally, LDSS contends that the trial court erred in limiting and excluding relevant evidence presented to show the required elements that must be proven to sustain a removal order. Specifically, LDSS contends that the trial court improperly limited evidence that showed: (1) abuse and/or neglect based on prior court findings, child protective services history, and criminal history; (2) reasonable efforts to prevent removal through services offered by a different agency and by court orders as required by statute; and (3) past behavior with the child which is relevant to the parent's future potential of causing abuse or neglect. We disagree.

Well-established precedent in this Court shows that we apply a wide retrospective and prospective application of Code § 16.1-228.[3] In L.G. v. Amherst County Dep't of Soc. Servs., 41 Va. App. 51 (2003), we reversed the decision of a trial court for its failure to consider significant relevant evidence that occurred before and after the twelve-month time frame of foster care because it did not adequately give the fact finder an opportunity to evaluate the present best interests of the child. Id. at 57.

Here, the trial court, as acknowledged by LDSS during oral arguments before this Court, admitted the entirety of the record from Harrisonburg JDR in addition to all other relevant

---

[3] See Farrell v. Warren County Dep't of Soc. Serv., 59 Va. App. 342, 369 (2012) (quoting Newport News Dep't of Soc. Servs. v. Winslow, 40 Va. App. 556, 562-63 (2003)) (holding that the mother's continued drug use, failure to adequately address one child's medical needs, and inability to acknowledge the physical abuse the father inflicted creates a patently unsafe environment).

evidence.[4] Testimony was adduced by LDSS from witnesses who presented the trial court with evidence to consider when making its decision. Therefore, the trial court neither limited nor excluded any prior evidence of alleged abuse or neglect.

The trial court did not abuse its discretion by discounting previous findings of abuse made in the Harrisonburg JDR and relying on the lack of any subsequent evidence of abuse or neglect following the Harrisonburg JDR findings. Additionally, the trial court was correct in ruling that certain unfounded allegations were not relevant to the current proceedings. Unlike Amherst, the trial court here considered all relevant evidence before it when it granted mother's motion to strike.

E. JURISDICTION

Finally, LDSS contends that the trial court erred in persisting in the claim that LDSS should have reported the violation of the Harrisonburg JDR order to that court because the Lynchburg Circuit Court lacked subject matter jurisdiction pursuant to Code §§ 16.1-241 and 16.1-296. The trial court in this case entered a final order, acknowledging that it had proper subject matter jurisdiction, and we therefore find this alleged error to be without merit based upon the actions of the trial court.

III. CONCLUSION

For the foregoing reasons, we affirm the ruling of the trial court.

Affirmed.

---

[4] During oral argument LDSS conceded that the entire record was admitted into evidence and could not present any examples of evidence which was excluded or not part of the record which the trial court failed to consider when making its decision.